BOGENSCHULTZ *v.* O'TOOLE.

Opinion delivered March 15, 1902.

MORTGAGE—ABSOLUTE DEED—NOTICE.—A, owning land, conveyed it to B by deed absolute intended as a mortgage; B mortgaged it to C to secure an antecedent debt; C foreclosed, and the land was purchased by D with actual notice of A's rights. *Held* that D took no greater interest than B had.

Appeal from Marion Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

Suit by John B. Bogenschultz and others against William O'Toole and others. From a decree for defendants plaintiffs appeal.

*Pace & Pace,* for appellants.

Fraud cannot be predicated of a conveyance of a homestead. 43 Ark. 434. Appellant's possession gave sufficient notice of their claim. 54 Ark. 281-2. It was error to refuse to allow appellants to amend their complaint by adding a supplemental paragraph offering to redeem if any sum was found due. Sand. & H. Dig., §§ 5769, 5772; 42 Ark. 59; 54 Ark. 276.

*S. W. Woods,* for appellees.

The transaction in question was an absolute sale, and not merely a mortgage. 1 Jones, Mortg. §§ 256-269; Jones, Chatt. Mort. §§ 26-7; 4 Kent's Comm. 143; 1 Beach, Eq. §§ 415, 416; 3 Am. & Eng. Enc. Law, 424; 3 Ark. 364; 5 Ark. 321; 38 Ark. 264; 2 Washburn, Real Property, 63. The deed, being absolute on its face, could be impeached, in the absence of fraud or imposition, only by clear and decisive testimony. 19 Ark. 278; 23 Ark. 212; 31 Ark. 163; 40 Ark. 146. Appellants are estopped by their conduct from setting up any claim as against appellees. 2 Beach, Mod. Eq. §§ 1091, 1093; Big. Estop. 660-672; 7 Am. & Eng. Enc. Law, 12-32; 49 Ark. 218; 12 Ark. 421; 58 Vt. 689; 118 N. Y. 634; 107 N. Y. 310. When a mortgage is given by deed absolute on its face, the mortgagor can release his equity of redemption by

parol, and the release will be enforceable in equity. Jones, Mortg. §§ 338, 711; 58 Ark. 207; 33 Ohio St. 1; 85 Ala. 476; 16 S. E. 866; 22 Gratt. 573; 134 Ill. 630-644. Equity will not relieve a fraudulent grantor against the consequences of his act. 26 Ark. 317; 52 Ark. 171; 52 Ark. 389; 8 Am. & Eng. Enc. Law, 771. The deed of trust made by appellee O'Toole effectually conveyed all his interest in the land, whether he be held to have been the owner thereof or only a mortgagee. Jones, Mortg. § 810; 19 Conn. 208; 123 Ill. 57; 68 Me. 237; 100 Mass. 270. The payments made to appellee O'Toole after this deed of trust would not discharge the debt as against his assignee. Jones, Mortg. § 961; Beach, Mod. Eq. §§ 461-2; 65 Ala. 570; 90 N. Y. 574. If a trial court does not abuse its discretion in refusing leave to amend, its action is not reviewable. 4 Ark. 251; 5 Ark. 208; 10 Ark. 428; 19 Ark. 237; 60 Ark. 526.

Bunn, C. J. The plaintiff, John B. Bogenschultz, was the owner of the lands in controversy by purchase from the federal government, and for which he had received his patent, dated August 18, 1891. Being indebted to the defendant William O'Toole in the sum of $200, and O'Toole agreeing to furnish him $150 worth of supplies for the year in addition to said indebtedness, John Bogenschultz (his wife, Mary E. Bogenschultz, joining with him in the relinquishment of her dower rights) executed his deed, in the form of an absolute deed, to the lands in controversy, for the consideration of $350, dated 14th March, 1894, and recorded 18th April, 1894. This deed was given as a correction of an original deed, dated 23d October, 1893, in which there was a misdescription of the land.

On the 27th day of May, 1895, the said O'Toole, being indebted to Wertheimer-Swarts Shoe Company, executed to S. W. Woods, trustee, to secure two notes, evidencing $233.56, his deed of trust conveying said lands for that purpose. The deed of trust was subsequently foreclosed, and the lands sold by decree in chancery, and at the sale J. J. Wertheimer, one of the defendants herein, became the purchaser. Bogenschultz and wife have always held possession since their purchase from the United States.

The plaintiffs contend that their deed, although absolute in form, was in fact a mortgage to secure the indebtedness of $350 owing at the time and to be owing; the same being the amount of the consideration named in the deed. On the other hand, O'Toole

claims that it was a deed made in consummation of an absolute sale of the property, but that he had agreed with the plaintiffs at the time that they would be privileged to redeem the land by paying said amount, or words to that effect. So they do not materially differ as to the facts, but differ only in their conclusions upon the facts. No time was set, however, when he might so redeem. From the testimony in the case, we are of opinion that their understanding and agreement at the time made the deed in fact a mortgage to secure an indebtedness which was named as the consideration of the deed. O'Toole could convey nothing more than he had to a third party having notice of the rights of the plaintiffs, or who was in possession of knowledge sufficient to put him on reasonable inquiry as to the same. The mortgage was made by O'Toole to S. W. Woods as trustee for the benefit of Wertheimer-Swarts Shoe Company, and at the instance of Woods acting as the agent of said company. There is some conflict in the testimony of Bogenschultz and Woods as to whether or not Bogenschultz informed Woods as to the true nature of his transaction with O'Toole before the mortgage was executed, but there is none as to the nature of this information, as it was given after the execution of the mortgage; nor is there any controversy as to the fact that Bogenschultz, although no party to the foreclosure suit, appeared on the day fixed for the sale, and forbade the same, setting up his claim. In view of the fact that the mortgage was given to secure an antecedent debt, and that Wertheimer-Swarts Shoe Company could not be regarded as an innocent purchaser for value, and in view of the facts in evidence, and that Bogenschultz seemed to have lost no opportunity to assert his claim to the property, and that he always held possession without question, we are of opinion that the Wertheimer-Swarts Shoe Company and J. J. Wertheimer, the purchaser, were all affected with the notice of his claim, and that the foreclosure suit, to which he was not a party, and the sale thereunder, could not affect his rights, and that O'Toole could convey no other right (that of a mortgagee) to a third party (Wertheimer-Swarts Shoe Company) than that he himself had, and that the purchaser at the foreclosure sale, which was forbidden by Bogenschultz, was bound to take notice of his claim, if he, indeed, had not already been affected with such notice.

The decree of the court was as follows, to-wit: "It is therefore considered, ordered and decreed by the court that the plaintiff's bill be, and the same is hereby, dismissed, and the title to said

land be, and the same is, decreed in the defendant, J. J. Wertheimer, and that the defendant do have and recover of and from the plaintiff all of their costs in and about this cause expended, and that B. F. Fell be allowed for his (fee) as attorney for nonresident defendants, and the same be taxed as costs in this suit." Appeal was prayed and granted. In our view of the case, as expressed above, this decree was erroneous. It does not appear from the evidence that Bogenschultz ever paid the $350 to O'Toole, or to anyone else; and that for that reason the mortgage from him to O'Toole is still unsettled, so far as the evidence in this case shows, although this finding is only intended for the case as it is here considered. It is true plaintiff exhibit with their complaint a receipt for the $350, but that receipt does not necessarily mean that the same was actually paid otherwise than by the sale of the property to O'Toole for that price. But the transaction was not a sale, as contended by plaintiffs themselves. The decree, therefore, should have been to the effect that the deed from Bogenschultz and wife to O'Toole, although absolute in form, was in fact a mortgage, and that the subsequent mortgage of the lands by O'Toole to the Shoe Company could not affect the rights of the plaintiffs as mortgagors, for O'Toole could only convey, in the mortgage he made, the interest he had as a mortgagee from the plaintiffs; and the same is to be said of the sale of the second mortgage and the purchase at the same.

The case, however, does not authorize the granting of the prayer to the bill,—to remove cloud from plaintiffs' title, and to annul all proceedings to foreclosure, and the sale and deed made thereunder. The bill is dismissed without prejudice; the plaintiffs to pay the costs in the court below, and the defendant to pay the costs of this appeal.