NEW ENGLAND SECURITIES COMPANY *v.* WEST HELENA CONSOLIDATED COMPANY.

Opinion delivered July 2, 1928.

*Bowersock, Fizzell & Rhodes, Roy D. Campbell* and *Moore, Walker & Moore,* for appellant.

*W. R. Satterfield* and *J. G. Burke,* for appellee.

KIRBY, J., (after stating the facts). It is insisted, first, that the court erred in sustaining the demurrer to the complaints, and also in holding that the deeds of trust could not be reformed to show the correct description of the lands intended to be conveyed as against appellee Afflick, who claims to be an innocent purchaser, and both of these contentions are correct.

The descriptions appearing in the deeds of trust were not so indefinite as to be void, as shown from the exhibits themselves and the allegations of the complaints, and, so far as the description of the Spanish Grant is concerned, although the number of the grant was incorrect, it could be located by being north of the Little Rock road and other landmarks and the only land within any Spanish Grant belonging to the mortgagor company. In *Snyder* v. *Bridewell,* 167 Ark. 8, 267 S. W. 561, the court said:

"The general rule as to the sufficiency of a description to pass title to land under deed or mortgage in this State is that it shall be described with sufficient certainty to identify it. If not particularly and certainly described in the deed, the deed itself must make reference to something tangible by which the land can be located. *Doe ex dem. Phillips Heirs* v. *Porter,* 3 Ark. 18; *Tolle* v. *Curley,* 159 Ark. 175, 251 S. W. 377. The deed itself must furnish a key by which the land sought to be conveyed may be identified." See also *Darnell* v. *Bibb,* 143 Ark. 580, 221 S. W. 1061.

It is true that the words "corporation line" were used in some of the descriptions, indicating some municipal corporation, and that the town of West Helena had not been incorporated when the deeds of trust were executed, but the dedication deeds had been made and recorded, showing the lands platted, which were later incorporated as the town of West Helena, and the description in the trust deed in case No. 509 expressly states "except portions platted as a part of West Helena." Then, too, the town had been incorporated, including virtually the platted lands, as shown by the dedication deeds, long before appellee had acquired any interest therein. They were described with sufficient certainty, the deed itself making reference to tangible landmarks and to portions of the lands "platted as a part of West Helena;" the dedication deeds and plats of West Helena within the sections of lands described therein being of record, thus furnishing a key by which the lands conveyed could be identified.

The burden of proof was upon appellee to show himself an innocent purchaser of the lands under the pleadings herein, and no testimony was introduced on his part conducing to prove it. He purchased at a judicial sale only the equity of redemption in the lands, expressly recognizing in his bid his knowledge that they were mortgaged to secure the loans of $50,000, made by appellant company, and could not have acquired any right as an innocent purchaser. The rule *caveat emptor* applies to judicial sales, and a purchaser at such sales takes only such title as the debtor had, his purchase being subject to claims of which he had actual or constructive notice. Rorer, Judicial Sales, § 50; *Guynn* v. *McCauley,* 32 Ark. 112; and *Black* v. *Walston,* 32 Ark. 324.

Appellee had actual notice of the description of the land in the deeds of trust and constructive notice by their record, as well as constructive notice of the dedication deeds and plats of the lands as West Helena, made before the execution of the mortgages, and of the incorporation of the town of West Helena virtually as platted

in the dedication deeds, long before his attempted purchase of any interest in these lands. He could not therefore claim to be such an innocent purchaser as would prevent the court from reforming the deeds to more exactly describe the lands conveyed by the deeds of trust to conform to the intention of the parties in the making thereof, as shown by the undisputed testimony. *Tanner* v. *Manos*, 160 Ark. 293, 254 S. W. 676. The chancellor erred in holding otherwise.

There was no dispute as to the correctness of the amounts due as claimed in the several suits for foreclosure of the deeds of trust, nor of the right of appellants to recover such sums.

The decree is accordingly reversed, and the cause remanded with directions to overrule the demurrer and order a reformation of the deeds of trust in accordance with the prayer of the complaint, and for foreclosure thereof for the amounts claimed to be due, and for other necessary proceedings in accordance with the principles of equity and not inconsistent with this opinion.