NEW ENGLAND SECURITIES COMPANY *v.* WEST HELENA CONSOLIDATED COMPANY.

Opinion delivered May 6, 1929.

*Bowersock, Fizzell & Rhodes, Roy D. Campbell* and *Moore, Walker & Moore,* for appellant.

*J. G. Burke,* for appellee.

WOOD, J. Three cases, numbered 509, 510 and 511, were appealed to this court from the chancery court of Phillips County. The cases were consolidated for hearing here and an opinion was rendered disposing of the cause on July 2, 1928. See *New England Securities Company* v. *West Helena Consolidated Company,* 177 Ark. 849. A mandate was issued in the consolidated cause out of this court on the 20th day of July, 1928, and was filed in the chancery court in each of the cases July 23, 1928. The mandate, among other things, recited that the chancery court "erred in sustaining the demurrer to the complaint and also in holding that the deeds of trust could not be reformed to show the correct description of the lands intended to be conveyed as against the appellee, Afflick." And further recited: "It is therefore ordered and decreed by the court that the decree of the

chancery court in this cause rendered be and the same is hereby, for the errors aforesaid, reversed, annulled and set aside, with costs, and that this cause be remanded to said chancery court with directions to overrule the demurrer, ordering a reformation of the deeds of trust in accordance with the prayer of the complaint for foreclosure thereof, and for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered.''

Counsel for the appellants in each of the cases in the chancery court tendered what they conceived to be a precedent for decree to be entered in conformity with the mandate of the Supreme Court. The chancery court indorsed upon each of these precedents the following: ''The entry of said decree so tendered by the plaintiffs was by the court refused. To the refusal of the court to so enter the decree as tendered by the plaintiffs and to the entry by the court of the decree herein ordered to be entered, the plaintiffs at the time excepted and prayed an appeal to the Supreme Court of the State of Arkansas, which is hereby granted.''

The record shows that by stipulation of counsel for the respective parties, issue was joined in the chancery court on the decree that should be rendered by that court in order to conform to the mandate of the Supreme Court, which issue was heard by the chancery court on the mandates, pleadings, testimony and exhibits included in the record filed in the Supreme Court at the former hearing of said cases, and that nothing additional in the way of pleadings, exhibits or testimony was heard or considered by the court in rendering a decree on the mandate. Counsel further stipulated that the causes on appeal might be consolidated for hearing in this court.

For a statement of the facts upon which this court rendered its opinion and issued its mandate, see the case of *New England Securities Co.* v. *West Helena Consolidated Co., supra.* Among other things, in that case, in the statement of facts we said: ''It appears from the

testimony of E. C. Horner and John S. Horner, president
and secretary of the West Helena Consolidated Com-
pany, and the minutes of the directors' meeting, that
the lands intended to be mortgaged for the security of
the loans were those belonging to the company outside
of the platted portion of West Helena, as shown by the
two dedication deeds filed and recorded, one in June, 1910,
and the other in 1913, adding some additional territory.
*   *   .*   The proof showed it was the intention to con-
vey the lands owned by the company lying outside of the
platted portions of West Helena, and the amendment
prayed a reformation of the descriptions in the deeds of
trust, inserting or substituting for the words ''corpora-
tion line,'' ''platted portions of West Helena.''   We fur-
ther said:   ''The chancellor sustained the demurrer to
the complaints for foreclosure, and denied the appellant's
right to reformation of the deeds of trust showing the
description of the lands intended to be conveyed, held
the deeds of trust void as to certain of the lands at-
tempted to be described therein, and quieted the title to
appellee thereto, in accordance with a correct description
of such lands as shown by appellant's proof.''   In the
opinion in that case, on the former appeal, among other
things we said:

''It is insisted, first, that the court erred in sustaining
the demurrer to the complaints, and also in holding that
the deeds of trust could not be reformed to show the cor-
rect description of the lands intended to be conveyed as
against appellee Afflick, who claims to be an innocent pur-
chaser, and both of these contentions are correct.   *   *   *
It is true that the words 'corporation line' were used in
some of the descriptions, indicating some municipal cor-
poration, and that the town of West Helena had not been
incorporated when the deeds of trust were executed, but
the dedication deeds had been made and recorded, show-
ing the lands platted, which were later incorporated as
the town of West Helena, and the description in the trust
deed in case No. 509 expressly states, 'except portions

platted as a part of West Helena.' Then, too, the town had been incorporated, including virtually the platted lands, as shown by the dedication therein. They were described with sufficient certainty, the deed itself making reference to tangible landmarks and to portions of the land 'platted as a part of West Helena' the dedication deeds and plats of West Helena within the sections of lands described therein being of record, thus furnishing a key by which the lands conveyed could be identified.''

In disposing of the appellee's contention in that case that he was an innocent purchaser and that the deeds of trust could not be reformed as against him, we further said:

''Appellee had actual notice of the description of the land in the deeds of trust and constructive notice by their record, as well as constructive notice of the dedication deeds and plats of the lands as West Helena, made before the execution of the mortgages, and of the incorporation of the town of West Helena virtually as platted in the dedication deeds, long before his attempted purchase of any interest in these lands. He could not therefore claim to be such an innocent purchaser as would prevent the court from reforming the deeds to more exactly describe the lands conveyed by the deeds of trust to conform to the intention of the parties in the making thereof, as shown by the undisputed testimony. The chancellor erred in holding otherwise.''

In each of the original complaints that were filed the lands mentioned in the deeds of trust were described, and it was alleged, among other things, that the makers of the deeds of trust intended to convey property adjacent and contiguous to the corporation line of West Helena, Arkansas, and that in the preparation of these deeds of trust the West Helena Consolidated Company inadvertently and by oversight, in writing the words ''corporation line'' omitted the words ''of West Helena, Arkansas,'' and plaintiffs prayed that the deeds be reformed so as to describe the property correctly, and they set out the de-

scription as they alleged it should be, and asked that the deeds be reformed to cover such description and for a foreclosure of the deeds of trust on the lands as they should have been described in said deeds.

There was a separate demurrer filed to each of the complaints and also an answer in which it was set up in substance that the descriptions of the tracts mentioned in the deeds of trust were indefinite, uncertain, and absolutely void, and that the reformation sought by the complaint set up different lands to those that were embraced in the several deeds of trust as same had been recorded. Evidence was adduced in the cause before the demurrers were passed upon, and, after taking this testimony, the complaints were amended to conform to the proof had in the several causes of action on behalf of the plaintiffs. The amended complaints set out a description of the lands which plaintiffs alleged were intended to be included in each separate deed of trust as shown by the resolution of the board of directors of the West Helena Consolidated Company, the maker of the deeds, authorizing the execution of the deeds of trust. It was alleged, among other things, in the amended complaint: "That at the time of the passage of the resolution above mentioned and at the time the descriptions of the lands were given, certain portions of the lands above described had been platted as the town of West Helena, which said plat was duly filed in the recorder's office of Phillips County, Arkansas, in record book 107, at page 540, and that the description of said lands as contained in the resolution of the board of directors had reference to said plat which had been filed, and that it was the intention of the parties, to-wit, the West Helena Consolidated Company and the New England Securities Company, to convey in said deeds of trust the lands described in the loan above mentioned with reference to the platted portions of land which had been filed in the office of the recorder of Phillips County, Arkansas, and that said intention not only appears from the resolution passed by said board of

directors, a copy of which will appear in the testimony taken in this cause, but will also appear from the testimony of the then president and secretary of the West Helena Consolidated Company, who executed said deeds of trust, and the plaintiffs state that the descriptions as contained in the deeds of trust as executed in cause No. 5180, cause No. 5182 and cause No. 5183 contain improper descriptions, which were made by a mutual mistake of the parties to said loan and not in accordance with the intention of the parties at the time said deeds of trust were executed and the loan perfected.

"That in said amended complaints plaintiffs prayed that they be permitted to reform the descriptions contained in said deeds of trust in causes No. 5180, 5182 and 5183, in accordance with the intention of the parties to said deeds of trust as reflected by the resolution passed by the board of directors at this meeting on the 19th day of July, 1916, and that when said deeds of trust are so reformed, the indebtedness mentioned in said cause be declared a first and prior lien on said lands, and the same be ordered sold to satisfy said indebtedness, interest and cost of suit as originally prayed in the complaint filed in said cause."

Without setting out the pleadings in detail, it suffices to say that appellee Afflick, by motions to strike, demurrers, and separate answers, joined issue on the allegations of the original and amended complaints. On the issue thus joined the appellee introduced a dedication deed executed September 8, 1913, by the West Helena Consolidated Company, dedicating certain portions of the town of West Helena, Arkansas. Attached to this deed was a plat showing the lands dedicated and the platted additions thereto. This plat was duly recorded three years before the execution of the mortgages in controversy and was necessarily considered by the court in rendering the decrees from which this appeal comes. The original complaints prayed that the words "of West

Helena, Arkansas," be added immediately following the words "corporation line" in the description of the lands.

The testimony of E. C. Horner, president, and John S. Horner, secretary of the West Helena Consolidated Company, maker of the deeds of trust, was to the effect that it was the understanding of the parties to the deed of trust that all the acreage property belonging to the West Helena Consolidated Company which lay outside of the platted portions of West Helena should be embraced in the deeds of trust. The prayer of the amended complaints was that the deeds of trust be reformed in accordance with the intention of the parties as shown by resolution passed by the board of directors July 19, 1916.

The direction of this court contained in the mandates was that the court overrule the demurrer to the complaints, and ordered a reformation of the deeds of trust in accordance with the prayer of the complaint for a foreclosure thereof. The issue as to what decrees the trial court should enter in obedience to the mandate was heard upon the pleadings, testimony and exhibits included in the record filed in the Supreme Court at the former hearing of said cases.

The trial court could not have reformed the land descriptions by inserting the words "of West Helena" immediately following the words "corporation line" as prayed in the original complaints, because the original complaints were amended, and the prayer of the original complaints as amended was that the description in the deeds be reformed in accordance with the intention of the. parties to the deeds of trust as affected by the resolution passed by the board of directors at its meeting on July 19, 1916. The trial court correctly construed the mandate of this court to mean that it was directed to reform the deeds according to the prayer of the amended complaints. The pleadings and the exhibits and the testimony of the witnesses which the court heard in determining what decrees it should enter in obedience to the mandates of this court, when considered in connection

with the opinion of the court upon which the mandate was issued, convince us that the trial court correctly interpreted the mandate of this court, and did not err in rendering the decrees from which is this appeal.*

It will be seen from an examination of these that the chancery court reformed the deeds of trust so that the description of the lands therein should embrace all the acreage property of the West Helena Consolidated Company which is outside of the platted portions of the city of West Helena, Arkansas. This reformation of the deeds of trust is according to the undisputed evidence of the intention of the parties and is in strict conformity with the prayers of the amended complaints and the mandate of this court.

The decrees being in all things correct, are therefore affirmed.

*The decree described the land as follows:

509. Those parts only of the southeast quarter of the northeast quarter and of the east half of the southeast quarter of section 1, township 2 south, range 4 east, which are outside of the platted portions of the city of West Helena, Arkansas. Also only those parts of the fractional northwest quarter of section 1 lying north of blocks 45, 46, 47, 48, 49, 50, and that part of block T which are outside the platted portions of the city of West Helena, Arkansas, in section 1, township 2 south, range 4 east. Also all that part of the fractional north half of section 2, township 2 south, range 4 east, lying north of part of block T and north and east of corporation line, which is outside the platted portions of the city of West Helena, Arkansas. All that part only of north half of section 11 lying north of Little Rock road and south of blocks 84 to 91 inclusive, which is outside the platted portions of the city of West Helena, Arkansas. Also all that part only of north half of section 12 lying south and which is outside of the platted portion of the city of West Helena, Arkansas, in township 2 south, range 4 east. Also all that part of Spanish grant No. 2412 lying north of Little Rock road, in township 2 south, range 4 east. Also the east half of the southwest quarter and south 48 acres of the west half of the southwest quarter of section 6, township 2 south, range 5 east.

511. All that part only of the southwest quarter of section 2 lying south of block west D and South Street and west of blocks 82 and 83 which is outside the platted portions of the city of West Helena, Arkansas. Also that part only of fractional north half of section 3 lying west

of block west A which is outside of the platted portions of the city of West Helena, Arkansas. All those portions only of the southeast quarter and of the east half of the southwest quarter of section 3 lying north of Little Rock road and south and west of block west A and west D which is outside the platted portion of the city of West Helena, Arkansas.