PATE *v.* PEACE.

Opinion delivered November 3, 1930.

*Saxon & Warren,* for appellant.

*D. W. Harrell* and *Gaughan, Sifford, Godwin & Gaughan,* for appellee.

McHANEY, J. Appellees brought this action against appellant to recover the value of the pine timber cut and removed from 120 acres of land in 9-14-17, Ouachita County. The facts are as follows: The owners of the land from which the timber in controversy was cut exe-

cuted and delivered a mortgage thereon to one Milner in February, 1926, to secure an indebtedness of $1,750, which mortgage was promptly recorded. Thereafter the note and mortgage were assigned to Phillips Petroleum Company, who in October, 1927, the note not having been paid in full, brought suit to foreclose. The petroleum company, while the suit was pending, sold and assigned the note and mortgage to one F. F. Neeley, who was substituted as party plaintiff in the foreclosure suit. While this suit was pending, and with the knowledge and consent of Neeley, who agreed to release same from the mortgage, all the pine timber on the land was sold by the mortgagors to appellee and a deed executed therefor dated December 10, 1927, and recorded January 3, 1928. The consideration for the timber deed was seven hundred dollars ($700), which was paid by appellee to Mr. Neeley, and this amount was credited upon the indebtedness covered by the mortgage, reducing it to seven hundred and two dollars and fifty cents ($702.50). Later a decree of foreclosure was taken under the mortgage, the land sold, and one Walter F. Tate became the purchaser for the balance due on the note, receiving a certificate of purchase therefor dated October 16, 1928, which he assigned to appellant. On the same day the report of the sale was approved and commissioner's deed executed to appellant, who thereafter went upon the land and cut and removed the pine timber therefrom to the value, as found by the jury, of nine hundred dollars ($900), on an instructed verdict of the court to find for appellee the value of the timber. The facts further show that counsel for appellant, in examining the records before appellant acquired the certificate of purchase from Tate, found the record of the timber deed to appellees and was advised that the timber had been sold.

Appellant challenges the correctness of the holding in this case on the ground that, since the mortgage under which he purchased at the foreclosure sale, or at which his assignor purchased, was of record prior to the record

of the timber deed, he had a right to rely upon the record which did not show the release of the timber from the mortgage. We think the appellant is wrong in his contention on several grounds, but it is necessary to mention only one of them. The sale at which he or his assignor purchased was a judicial sale, and the rule of *caveat emptor* applies. *Guynn* v. *McCauley*, 32 Ark. 97; *Black* v. *Walton*, 32 Ark. 321; *New England Securities Co.* v. *West Helena Consolidated Co.*, 177 Ark. 849, 8 S. W. (2d) 440; *Robb* v. *Hoffman*, 178 Ark. 1172, 14 S. W. (2d) 222. In 16 R. C. L., page 138, it is said: ''A judicial sale carries only the interest, estate, and rights in the premises that the parties to the proceedings had and could have asserted, no more and no less. The purchaser succeeds to their rights and attitude in respect of the property sold, 'takes their shoes,' stands in their places, acquires their interest as it existed in their hands, subject to all infirmities of title then attaching to the estate, and to all equities, known or secret, which operated as a limitation upon the nominal or apparent estate which they had * * *. A *bona fide* purchaser at a judicial sale is affected, to the same extent as the person whose title he buys, by an estoppel *in pais* which prevented the latter from asserting title.'' Appellant therefore acquired no better title by reason of the judicial sale than the parties to the action had. It is undisputed that the mortgagors, defendants in the action, sold the timber to appellees with the knowledge and consent of Neeley, the plaintiff in the action, who received the proceeds of the sale and applied it on the deed. Neeley could not therefore have asserted a superior title to appellees under his mortgage, nor could he have done so had he been the purchaser at the judicial sale. Appellant is in no better position, for he acquired only such title as the parties had by reason of the sale, and the commissioner's deed to him purports to convey only ''all the right, title, interest or claim, either in law or equity, of the parties to said suit in chancery in or to the said parcel of land hereinbefore described, and all

and singular the rights and privileges, hereditaments and appurtenances thereunto belonging, or in any wise appertaining.''

We are therefore of the opinion that the court correctly instructed the jury to return a verdict for appellees for the value of the timber cut and removed from the land by appellant.

Affirmed.