JONES *v*. NIX.

5-2139                                                            334 S. W. 2d 891

Opinion delivered May 9, 1960.

*Lyman L. Mikel, A. A. McCormick,* for appellant.

*Rose & Kizer,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit by the appellant to foreclose a real estate mortgage executed by Henry Dodd on February 9, 1957, securing a note for $256.   The debtor died, insolvent, on November 13 of that year, and his estate was administered in the probate court.   In the course of those proceedings the adminis-

trator obtained an order for the sale of the land in question, for the payment of debts. The land was duly sold on April 14, 1959, to the appellee Estes, who bid and paid $260 for the property. The sale was promptly confirmed, and Estes received a deed from the administrator.

Thereafter, on June 22, 1959, the appellant filed this foreclosure suit against Estes and the mortgagor's heirs. The complaint seeks an *in rem* foreclosure decree against the land. After a trial on the merits the chancellor announced two reasons for dismissing the complaint: First, the plaintiff had failed to prove that Dodd executed the note sued upon, and, secondly, the proceedings in the probate court were a bar to the maintenance of a suit to foreclose the mortgage.

Upon the first point the statutes simplifying the proof of written instruments are not involved, for the complaint was not accompanied by an affidavit of merit, as required by Ark. Stats. 1947, § 27-1142, and the deceased mortgagor was of course not a party to the case within the provisions of § 28-927.

At the trial the plaintiff introduced the original mortgage, which Dodd had signed by mark, before witnesses, and had acknowledged before a notary. The mortgage contains a description of the note and was recorded on November 15, 1957. (The appellees point out that the instrument was not placed of record until two days after Dodd's death, but we do not see how this fact makes any difference. *Martin* v. *Ogden,* 41 Ark. 186.) After the plaintiff had rested the chancellor permitted him to reopen his case and introduce the original note, which was also signed by mark and witnessed. The defendants objected to the introduction of the note, on the ground that the plaintiff had not called anyone to prove its execution by Dodd, but the chancellor permitted the note to be received in evidence.

We are unable to agree with the chancellor's decision to dismiss the case for want of proof that Dodd signed the note. The mortgage, having been recorded,

was admissible without proof of its execution. *Straughan v. Bennett,* 153 Ark. 254, 240 S. W. 30. Hence the case seems to fall within our holding in *Goodman v. Pareira,* 70 Ark. 49, 66 S. W. 147, where it was said: "But the deed of trust contained a full description of the notes, and it was duly acknowledged and filed for record. This was sufficient proof of the execution of the notes."

Moreover, it will be remembered that the court admitted the note in evidence over the same objection that is now urged by the appellees. Had the court sustained the objection the plaintiff might have produced a witness to show that the note was genuine. Thus the reception of the note into evidence may have led the plaintiff astray, and it would be manifestly unfair for us now to hold that his proof is fatally deficient.

The chancellor's second point concerned the effect of the probate proceedings upon the present suit. It is unfortunate that Estes fell into the error of purchasing encumbered property, but that fact does not entitle him to take free of the mortgage, as a *bona fide* purchaser. A court can offer at a judicial sale only such title as is held by the person or estate whose interest is being sold. Consequently it is firmly settled that the rule of *caveat emptor* applies to such a sale, so that the purchaser takes subject to outstanding liens. *McIlroy v. Fugitt,* 182 Ark. 1017, 33 S. W. 2d 719, 73 A. L. R. 1223. Estes was bound by constructive notice of the appellant's recorded mortgage.

The record does not support the appellees' suggestion that the appellant participated in the probate proceedings to such an extent as to waive the lien of his mortgage or to be estopped from asserting it. The appellant filed a claim against the estate, showing it to be a secured claim, but a mortgagee is entitled to prove his claim against the estate of the deceased mortgagor, for otherwise the statute of nonclaim would prevent the mortgagee from reaching other assets if the mortgaged property proved insufficient to satisfy the debt. Hughes, Arkansas Mortgages, § 322. The mere filing of the claim did not affect the appellant's right to foreclose.

The probate court might have ordered the property sold free of the appellant's lien by giving him a preferred claim against the proceeds of sale, Ark. Stats., § 62-2609 (e); but there was no attempt to follow this procedure. The administrator simply applied for and obtained a routine order for the sale of the land to pay debts of the estate. It is argued that the appellant should have resisted the order of sale or appealed from it; but there are two short answers to this argument. One, there is no showing that the appellant was given any notice of the order, and, two, any protest by him would have been unavailing, since the probate court unquestionably had the power to order that the estate's equity in the property be sold for the payment of debts. There is not the slightest intimation in the record that the appellant took any affirmative step that might have induced prospective purchasers at the sale to suppose that the property was being sold free from his mortgage lien.

In the record and in the briefs there is some passing mention of the fact that Estes's wife is not a party to this proceeding. It is true that Estes has succeeded to the original mortgagor's interest in the land, and hence his wife's inchoate dower entitles her to redeem. But the fact that she has not been joined as a defendant does not call for a dismissal of the case; it means only that her right of redemption is not being foreclosed. See Hughes, *supra,* §§ 369 and 379. Upon remand the plaintiff should be permitted to bring Mrs. Estes into the case if he so desires.

Reversed and remanded for further proceedings.