Sakina BOHRA *v.* Sue MONTGOMERY

CA 89-364                                        792 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered July 5, 1990

254

*Crockett & Brown*, P.A., by: *C. Richard Crockett* and *Richard E. Worsham*, for appellant.

*Bruce Leasure*, for appellee.

JUDITH ROGERS, Judge. This case involves the confirmation of a sale in foreclosure over the objection of the appellant, Sakina Bohra, who was the highest bidder and purchaser at the sale. Appellant objected to confirmation based on the assertion that he was unaware that he purchased the property subject to a prior mortgage, and based on allegations of irregularities in the foreclosure suit brought by appellee, Sue Montgomery. Appellant also claimed that any surplus from the proceeds of sale should be applied to the first mortgage. After a hearing, the

chancellor ordered that the sale be confirmed, and that the surplus be deposited into the registry of the court for distribution to the mortgagors. For reversal, the appellant argues that the chancellor erred in confirming the sale and in failing to order payment of the first mortgage out of the surplus proceeds of the sale. We find no merit in the points raised, and affirm.

The record discloses that Kenneth and Judith Vandiver executed two promissory notes in the amounts of $16,832 and $1,000 in favor of the appellee. To secure the payment of the indebtedness, the Vandivers gave appellee a mortgage on property located in Pulaski County, Arkansas. Appellee instituted this action in foreclosure on January 14, 1988, against the Vandivers, claiming that they had defaulted on their payments. Appellee also joined as a defendant Seamens Bank for Savings c/o Lumbermen's Investment Corporation (hereinafter "Seamens"), stating in the complaint that it was a possible holder of a lien on the property.

All defendants were duly served with notice of the complaint, but failed to answer. Subsequent to the time for answer, appellee filed a pleading entitled "Motion for Dismissal of One Defendant and Motion for Judgment against the Others." In this motion, appellee asserted that her lien was inferior to that of Seamens, and asked that Seamens be dismissed on that basis. Appellee also requested judgment against the Vandivers and asked that her damages include any monies owed to Seamens, the primary lienholder.

A decree of foreclosure was entered by default on January 3, 1989. The decree was amended on March 16, 1989, to reflect that the principal amount due and owing on the notes as $14,705.72, rather than $12,705.72, as originally stated in the decree. On that same day, the Commissioner of the Court conducted a sale of the property wherein appellant was the purchaser for $19,001. On March 24, 1989, appellant filed a motion objecting to the confirmation of the sale. Upon hearing the matter on May 9, 1989, the chancellor found that the sale should be confirmed, and she subsequently determined that any amounts in excess to that owed appellee, including attorneys fees, costs and expenses, be distributed to the Vandivers as mortgagors of the property.

On appeal, appellant argues that the chancellor erred in

confirming the sale, and erred in failing to apply the surplus proceeds to the payment of the first mortgage held by Seamens. We address appellant's second argument first.

In support of his argument that the surplus remaining from the sale should be applied toward the first mortgage, appellant refers us to the case of *Robb* v. *Hoffman*, 178 Ark. 1172, 14 S.W.2d 222 (1929). In that case, Hoffman initially held two mortgages on the subject property which were executed at the same time. Hoffman assigned a one-half interest in the second mortgage to Linke, who foreclosed on the property. The supreme court held, based on what was stated to be the general rule, that upon foreclosure of either mortgage, the remaining surplus is to be applied to the satisfaction of the other. Thus, appellant argues that the surplus here should be similarly applied to the payment of Seamens' prior mortgage. However, the holding in *Robb* was based on the premise that the two mortgages in question were *simultaneously* executed.

As authority for the general rule, the supreme court in *Robb* quoted 3 L. Jones, *Law of Mortgages of Real Property* § 2171 (8th ed. 1928), which provides in part as follows:

> § 2171 (1689), *Simultaneous* Mortgages. — So if there be *simultaneous* mortgages upon the same land, they are in effect one instrument, and, upon foreclosure of one of them, the surplus remaining after satisfying that is applicable to the payment of the other, although only part of it is due.

(emphasis supplied) It is apparent from the decision in *Robb* and the cited authority that the rule announced applies only to simultaneous mortgages. Such is not the situation in the case at bar, and our research reveals that a different rule applies.

In Mr. Jones' treatise, *supra*, at section 2186, it is stated that upon a sale of a junior mortgage, the surplus belongs to the mortgagor, and is not applied to the satisfaction of the prior mortgage. In 59 C.J.S. *Mortgages* § 793 (1949), it is also stated:

> On foreclosure of a junior mortgage, a senior encumbrancer who was not made a party, and for whom no provision was made in the decree, has no claim on the

proceeds of a sale of the property under the foreclosure, since, as discussed *supra* § 522, the foreclosure of a junior mortgage has no affect on the rights of a senior lien. The proceeds of the foreclosure sale are not applicable to liens paramount to the mortgage, except in the case of taxes assessments on the land constituting a lien superior to all those created by the parties.

Additionally, 55 Am. Jur.2d *Mortgages* § 571 (1971), provides the following:

Although there has been some authority to the contrary, the general rule is that persons holding prior mortgages or liens are not necessary parties. . . . Furthermore, a court will not ordinarily decree the payment of a prior lien from the proceeds of the sale, unless the prior lienholder has appeared and consented to the decree. He must be willing to receive payment and to have a sale of the whole title.

Based on these authorities, we hold that the chancellor was correct in holding that the surplus be distributed to the mortgagors.

■ Appellant also argues on appeal that the chancellor erred by confirming the sale. A portion of his argument is based on the contention that he was unaware that he was purchasing subject to a prior mortgage. However, a court can offer at a judicial sale only such title as is held by the person or estate whose interest is being sold. *Jones* v. *Nix*, 232 Ark. 182, 334 S.W.2d 891 (1960). Consequently, it is firmly settled that the rule of *caveat emptor* applies to such a sale, so that the purchaser takes subject to outstanding liens. *Id. See also Pate* v. *Peace*, 182 Ark. 618, 32 S.W.2d 621 (1930); *Robb* v. *Hoffman, supra.*

Appellant also argues that the chancellor should have refused confirmation of the sale based on certain irregularities. The alleged irregularities include assertions that while appellee requested dismissal of Seamens, the file does not contain an order of dismissal; that the decree fails to grant judgment against the defendants; that the record does not reflect that the amendment to the decree of foreclosure was entered with notice to the defendants; and that the case file does not reflect that the October 3, 1989, motion was served upon the opposing parties.

In judicial sales, the court is the vendor, and, in the exercise of a sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Looper* v. *Madison Guaranty Savings & Loan Ass'n,* 292 Ark. 225, 729 S.W.2d 156 (1987); *Mulkey* v. *White,* 219 Ark. 441, 242 S.W.2d 836 (1951); *Summars* v. *Wilson,* 205 Ark. 923, 171 S.W.2d 944 (1943). *Kellett* v. *Pocahontas Savings & Loan Ass'n,* 25 Ark. App. 243, 756 S.W.2d 926 (1988). In the seminal case of *Summars* v. *Wilson, supra,* the supreme court set out the standards governing the exercise of a chancellor's discretion and our standard of review, stating:

> Judicial sales are not to be treated lightly. The courts should not reject a sale and refuse a confirmation for captious reasons, but only in the exercise of sound discretion. The trial court is vested with sound judicial discretion in these matters; and the appellate court, in reviewing the action of a trial court to see if there has been an abuse of discretion, does not substitute its own decision for that of the trial court, but merely reviews the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one being reviewed. Just as the law's standard of conduct is the ordinary, reasonable, prudent man, so in reviewing the exercise of discretion, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him, would have reached the conclusion that was reached.

*Id.* at 927, 171 S.W.2d at 946. *See also Robbins* v. *Guy,* 244 Ark. 590, 426 S.W.2d 393 (1968); *Mulkey* v. *White, supra*; *Campbell* v. *Campbell,* 20 Ark. App. 170, 725 S.W.2d 585 (1987).

In the instant case, while the foreclosure decree was perhaps not a model in form, it clearly provides for the dismissal of Seamens and the granting of judgment against the Vandivers. Paragraph one of the decree states that Seamens is "dismissed for the cause herein," and in paragraph six it is stated that "plaintiff may have execution or garnishment issued as upon a judgment at law for said judgment," and that the property is "to secure payment of this judgment." With regard to the alleged lack of notice in amending the decree, the chancellor had the authority

under Rule 60(b) of the Arkansas Rules of Civil Procedure to correct the judgment previously entered with or without notice. We perceive no irregularity in this instance particularly when it is considered that the Vandivers, the only remaining defendants, were in default and the entry of the decree required no notice. See Ark. R. Civ. P. 55(b).

■ As to the apparent lack of service of the October 3rd motion, appellant argues that the portion of the motion requesting as damages any sums owed to Seamens as the primary lienholder, was in effect an amendment to the complaint for which service was necessary before taking a default judgment thereon. *See Saxon* v. *Purma*, 256 Ark. 461, 508 S.W.2d 331 (1974). Assuming, without deciding, that appellant's contention has merit, we believe that under the circumstances of this case any error would have been harmless. The chancellor did not order the application of the proceeds in this manner, thus no relief was afforded pursuant to this request, and the decree conformed to that which was requested in the initial complaint. Furthermore, the request for such relief was not well-taken, as shown in the previous discussion that the mortgagor, not the prior lienholder, is entitled to the remaining surplus of the sale.

In short, the appellant bought the property in question subject to the prior mortgage, and the alleged irregularities were of no apparent consequence so as to affect the validity of the decree or sale. We find no abuse of discretion in the chancellor's confirming the sale.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.