*A. B. Montgomery, James Montgomery, for appellants.*

*W. H. Chelf, for appellees.*

---

JAMES MURPHY, ET AL., *v.* JAMES FRYER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—348.]

**Sale and Confirmation of Sale.**

Where a sale of land is made during the life of the owner, but had not been reported or confirmed at the time of her death, the suit should be revived in the name of both the personal representative and heirs.

APPEAL FROM PENDLETON CHANCERY COURT.

October 27, 1880.

OPINION BY JUDGE COFER:

The order of revivor was not served on Mrs. Murphy, and as the title to the land sought to be sold seems to belong to her, all subsequent steps in the case are void.

At the time of Mrs. Fryer's death a sale had probably been made, but had not been reported or confirmed, and the suit should have been revived in the name of both the personal representative and heirs. The personal representative was a necessary party, because until the sale was confirmed there was a debt due to him; and the heirs were necessary parties before the sale could be confirmed because they were concerned in the question whether the report should be confirmed. The wrong tract of land seems to have been sold, and Mrs. Murphy being now before the court on this appeal, upon the return of the cause the personal representative should be permitted to come in and error in the judgment should be corrected.

The order confirming the sale and all subsequent orders and judgments are *reversed,* and cause remanded for further proper proceedings.

*C. H. Lee, for appellants.   J. H. Fryer, for appellees.*