WALDO *v.* THWEATT.

Opinion delivered May 1, 1897.

COURT OF COMMON PLEAS—JURISDICTION.—Under the act of December 14, 1875, creating the court of common pleas in Prairie and certain other counties, which provides that such court "shall have no jurisdiction of any action where the title to real estate is in controversy," and that judgments rendered by such court shall be a lien upon all of a defendant's property, the court of common pleas has jurisdiction to enforce its judgment by ordering a sale of land. (Page 129.)

JUDICIAL SALE—SETTING ASIDE.—A judicial sale will not after confirmation be set aside for mere irregularities, such as that the land was not sold in forty-acre tracts, or that notice was not posted on the land twenty days before the day of sale; nor because of a corrupt agreement between the purchaser and the attorney of the judgment debtor, unless such corrupt agreement was not discovered, and could not by reasonable diligence have been discovered, before the confirmation of the sale. (Page 129.)

JUDGMENT—SETTING ASIDE.—One cannot have relief in equity against an adverse judgment at law upon the ground that his appeal therefrom was not perfected, whether through the negligence and inadvertence of the clerk or of himself. (Page 130.)

PLEADING—CONSTRUCTION.—Under Sand. & H. Dig., § 5882, providing that where a judgment has been rendered against a defendant constructively summoned, and who did not appear, such defendant may within two years appear and move to have the action retried, a pleading in form a complaint, which alleges the necessary facts to entitle the defendant to a retrial, will be treated as a motion to retry. (Page 130.)

SAME—EXHIBITS.—A motion to reopen a decree in equity rendered upon constructive service will be sufficient if, taken in connection with the exhibits annexed, it alleges all the facts necessary to establish the right to the relief sought. (Page 131.) ·

SAME—MULTIFARIOUSNESS.—The objection that a complaint is multifarious should be raised by a motion to strike. (Page 132.)

Appeal from Prairie Circuit Court in Chancery, Southern District.

THOMAS C. TRIMBLE, Special Judge.

*McClintock & Lankford, Sam W. Williams* and *D. E. Bradshaw,* for appellants.

There was an affidavit and prayer for appeal, and it should have been disposed of. The constitution provides for appeals as a right. Const. art. 7, § 33. This right is preserved in the act of December 14, 1875, § 17, page 126, creating the court of common pleas. Courts of common pleas have no jurisdiction of questions involving title to or liens on land. Const., art. 7, § 32; Acts 1875, § 3, p. 124. An interplea is an independent action (38 Ark. 329; 11 *id.* 180), but the same prohibition as to trying title exists as to justices of the peace. Acts 1875, p. 111; Sand. &. H. Dig., §§ 4421, 4422; 40 Ark. 124; 40 Ark. 558. It is admitted by the demurrer that there was no proper seizure of the land. Sand. & H. Dig., § 336. If there was no occupant, it should have been shown. 34 S. W. Rep. 545. If there was no seizure, there was no jurisdiction *in rem*, and the judgment and sale are void. Reno on Non-Residents, § 218; 95 U. S. 714; 11 How. 437; 33 N. H. 228; 33 Me. 414; 88 N. Y. 216. No affidavit nor bond was filed as required. Sand. & H. Dig., §§ 364 and 5877; 38 Ark. 181. It is said that, as to David and William Waldo, the remedy was complete at law. Sand & H. Dig., § 5882. But fraud and collusion gives equity jurisdiction. 1 Story, Eq. § 58. And when equity takes jurisdiction on one ground, it gives full relief. *Ib.* §§ 64, 65 and 70. When equity has original jurisdiction, a statute giving a law court jurisdiction does not oust the jurisdiction of chancery, unless expressly so provided. 6 Ark. 319; 72 Fed. 348. The right of a party constructively summoned to sue for a new trial, even without showing merits, is of right; and if a party sues in the wrong court, it is the duty of the court to try, or transfer the cause to the proper court. 36 Ark. 591. See, also, 36 Ark. 532; 30 *id.* 771; 27 *id.* 219; 44 *id.* 314. Under the Code the cause should have been transferred to the proper docket. 27 Ark. 585; Sand. & H. Dig., § 5615; *ib.* 5617; 32 Ark. 562; 26 *id.* 54. An objection that the suit should have been brought at law cannot be raised on demurrer. 37 Ark. 185; 52 *id.* 411. The sale was without proper notice and *in bulk*. Sand. & H. Dig., §§ 5875, 5880. A sale *en masse* may be enjoined. Rorer, Jud. Sales, § 622. See, also, *ib.* § 343; 54 Ill. 316. Injunc-

tion was the proper remedy. Rorer, Jud. Sales, § 645; Freeman, Cot. & Part. § 426; Kerr, Inj. 710.

*J. G. Thweatt, pro se.*

The remedy was adequate at law. 1 Ark. 186; 4 *id.* 533; 5 *id.* 9; *ib.* 50; 6 *id.* 317; 13 *id.* 600; 14 *id.* 360; 27 *id.* 157; *ib.* 675; 35 *id.* 107; 43 *id.* 107; 58 *id.* 314. Inadequacy of price will not authorize a judgment to be set aside. 47 Ark. 515; 44 *id.* 502; 20 *id.* 381. The charges against appellee and appellants' former attorney, and all charges of irregularity in the sale of the land, are not admitted by the demurrer. But, if admitted, this would not affect the validity of the judgment, and they hence are irrelevant and badly pleaded. A demurrer admits only such facts as are relevant and well pleaded. Myers' Ky. Code, § 120 and notes; Newman, Pl. & Pr. p. 640; Bliss, Code Pl. § 418, note; *ib.* p. 499, note; Fitnam, Tr. Proc. p. 559, § 463; 1 Gr. Ev. § 559. Appellants failing to show that they have no remedy at law by appeal, *certiorari* or application to the court rendering the judgment, they have no remedy in equity. 58 Ark. 314; 48 *id.* 510; 57 *id.* 599.

The judgment against Lula J. *Stone* was a mere misprision of the clerk, and if Lulu J. Sloan has suffered any injury, she had ample remedy at law in the court which rendered the judgment. Sand. & H. Dig., §§ 3045, 3046, 3047; 49 Ark. 136; 50 *id.* 113; 48 *id.* 331; *ib.* 410. In equity exhibits are part of the record, and if the exhibits contradict the pleadings, the exhibits will control. Newman, Pl. p. 252. Judgments will not be interfered with for mere irregularities. 1 Ark. 186. If the court of common pleas had no jurisdiction, the order to sell was void, and a judgment will not be restrained merely because it is void 58 Ark. 314. But the court had jurisdiction. Act Dec. 14, 1875, §§ 3, 4, 10, 12, 15. The title to the land was not in controversy. Failure to give bond does not vitiate sale. Sand. & H. Dig., § 5879. Chancery has jurisdiction in cases of partition. 19 Ark. 233; 23 *id.* 579. A judgment at law cannot be enjoined. 11 Ark. 442; 57 *id.* 605.

Wood, J. This is a suit in chancery to avoid and set aside a judgment of the court of common pleas, and for can-

celing a deed obtained by a sale of certain land under said judgment; also to restrain a sale of the said land under a decree for partition. The case was determined upon demurrer to the complaint. Of the grounds alleged for the relief sought only the following need be discussed:

"1. Because the court, in ordering the sale of the said land, exceeded its jurisdiction."

The act creating this court of common pleas (Act December 14, 1875, § 3, p. 124), provides "that said courts shall have jurisdiction of all law actions of contract, either expressed or implied, * * * where the sum in controversy, exclusive of interest, shall not exceed five hundred dollars; but said courts shall have no jurisdiction of any action where the title to real estate is in controversy." "Sec. 4. That the rules of practice which govern in the circuit court shall be the rules of practice in these courts, and any pleading, process, service, record, or other proceeding, which are required in the circuit court, shall be required and deemed sufficient in these courts, unless herein otherwise expressly provided." Sec. 10 provides for service of process by sheriff or other officer. Sec. 12 makes the clerk of the circuit court ex-officio clerk of the court of common pleas. Sec. 15 provides "that all judgments rendered by said courts shall be a lien upon all the property, the same as if rendered by the circuit court, subject to execution, which the defendant may own in the county at the time of the rendition of such judgment, and at any time thereafter until such judgment is fully paid off."

The subject-matter of the suit in the court of common pleas was an open account for $79.50. An attachment was sued out, and a judgment rendered sustaining the attachment and ordering the land to be sold. The provisions of the statute above quoted show that the court of common pleas had jurisdiction of the subject-matter. The title to the land was in no way involved, and the court had jurisdiction to enforce its judgment by ordering a sale of the lands.

2. The other grounds,—"that the land was not offered in forty-acre tracts," "that notice had not been posted on the land twenty days before the day of sale," and "that appellee had made a corrupt agreement with the attorney for some of

the appellants, whereby appellee was to bid fifty or sixty dollars more on the land than his judgment called for, so that the attorney for appellant might get fifty or sixty dollars more out of it individually,"—are objections which, if raised at the proper time and in the proper case, would avoid and set aside the sale. But the complaint in this case, with its exhibits, which in equity may be used to explain, but not to control or contradict, allegations of the complaint (unless the basis of the action), shows that the sale of the land was made by order of the court. In such a case the irregularities and fraud here complained of should have been brought to the attention of the court before the confirmation of the sale and the approval of the deed. If the corrupt agreement between appellee and the attorney for appellants, as alleged, had not been discovered, and could not by reasonable diligence have been discovered, before the confirmation of the sale and approval of the deed by the court of common pleas, that fact should have been alleged in the complaint. No such allegation appears. The irregularities and fraud alleged, even if the sale had been under execution and not to be reported to or confirmed by the court, could have availed only for setting aside the sale. They would not have affected the judgment of the court of common pleas.

It appears from the complaint that those of appellants who are seeking to avoid the judgment of the court of common pleas were present through their attorney when that judgment was rendered. The court having jurisdiction of the subject-matter and the parties, the grounds here alleged for avoiding that judgment should have been presented on appeal from said judgment. That an appeal was prayed for, but not perfected, whether through the inadvertence and negligence of the clerk or of the appellants themselves, is of no concern to appellee. He was not responsible for it, and certain it is he could not be required to furnish "*cudgels for his own pate.*" It follows that the complaint in the particulars above mentioned was demurrable.

3. As to appellants, Olive Hinkle and Minnie Hill, the complaint shows that they are heirs of David Waldo, deceased, and as such the owners, each, of an undivided one-fifth interest in

the land in controversy. It shows that on the —— day of ———, 189—, the appellee filed in the chancery court a suit against them for partition, and that upon the hearing of said suit neither of the defendants appeared; that the petition for partition was granted, the land ordered sold, and a commissioner appointed to make the sale; that a day was fixed by the court for the sale, but no sale took place on that day; and that the commissioner had advertised the land to sell on the 15th day of June, 1894, a different date from that fixed by the court. The complaint alleges that Thweatt, appellee, is not the owner of an undivided three-fifths interest in the land; that the land is susceptible of division, if necessary, by commissioners, and that the allegations of appellee's complaint for partition in that respect were untrue. The appellants, Olive Hinkle and Minnie Hill, say that the order of the court in the suit for partition should be set aside, and they granted a new hearing, for the following reasons: (1) Because no bond was executed by appellee in the partition suit for the protection of appellants constructively summoned. (2) Because there was no sufficient showing that a division of the land could not have been had by commissioners, as provided by law. (3) The court exceeded its authority in making the order of sale, and had no jurisdiction to order the sale of land for division, except through commissioners appointed by the court. (4) Because if a sale of their interest is made in the manner contemplated by the order of the court at a public outcry, their interest will be sacrificed. (5) Because Olive Hinkle has never been summoned in this case, or notified in any manner.

Sec. 5882, Sand. & H. Dig., provides: "Where a judgment has been rendered against a defendant or defendants constructively summoned, and who did not appear, such defendants, or any one or more of them, may at any time within two years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried, etc."

The complaint is blank as to when the decree in suit for partition was rendered, but such suit would not have been begun by appellee before obtaining the deed to the interest he claimed. His deed was approved by the court of common pleas on the 14th day of February, 1894. So that the bill.

when read in connection with the exhibit, shows that appellants, Hinkle and Hill, have applied to the court rendering the decree within two years thereafter to have the action retried. We think the complaint, as to these appellants, is sufficient upon demurrer, and may be treated as a motion to retry.

The allegation in the bill " that Olive Hinkle had never been summoned or notified in any manner " was also sufficient upon demurrer to entitle her to the relief sought. It was alleged that she was an heir, and the owner of a one-fifth undivided interest in the land. This was brought to the attention of the chancery court before its order of sale had been executed. The allegations of her complaint being true, the decree as to her was without jurisdiction and void.

The question as to the multifariousness of the complaint should have been raised by motion to strike. *Dyer* v. *Jacoway*, 42 Ark. 186; *Ashley* v. *Little Rock*, 56 Ark. 392.

For the errors indicated, the decree is reversed, and the cause is remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent herewith.