DE YAMPERT *v.* MANLEY.

Opinion delivered January 29, 1917.

1. APPEAL AND ERROR—DECREE OF CHANCELLOR—REASONS THEREFOR.— If the result attained by the chancellor's decree is correct, the decree will be affirmed on appeal, even though the grounds upon which he based it are untenable.

2. JUDICIAL SALES—DEATH OF DEFENDANT—NECESSITY FOR REVIVOR.— A confirmation of a judicial sale is a final decree from which an appeal may be prosecuted, and in the case of the death of the defendant in the decree, an order of revivor is essential to constitute a valid order of confirmation.

3. JUDICIAL SALES—FORECLOSURE—DEATH OF DEFENDANT.—Where the original defendant, in a foreclosure proceeding, is severed from the cause by death, his successors to the title by inheritance or otherwise, must be brought in by an order of revivor before their rights can be foreclosed.

4. JUDICIAL SALES—CONFIRMATION—DEATH OF DEFENDANT.—Kirby's Digest, § 6322, has no application to a question of revivor after the death of the defendant in a foreclosure proceeding, and before confirmation.

5. JUDICIAL SALES—CREDIT—TIME.—The maximum period of credit in foreclosure sales is prescribed by the statute (Kirby's Digest, § 6236), and where the decree is silent on that point, it will be construed with reference to the statute.

6. JUDICIAL SALES—FAILURE TO CONFORM TO STATUTE—CONFIRMATION. —A judicial sale under foreclosure proceedings, when not in conformity with the direct terms of the statute, can not be confirmed.

7. JUDICIAL SALES—INVALIDITY—LIMITATIONS.—Where a judicial sale is invalid, its invalidity may be asserted at any time before the running of the statute bar.

8. JUDICIAL SALES—INVALIDITY—RENTS.—One who takes possession prematurely of land, under an invalid foreclosure sale, is liable for the rent of the same.

Appeal from Ashley Chancery Court; *Zachariah T. Wood*, Chancellor; affirmed.

*G. P. George, Thos. Compere, Coleman & Lewis* and *T. D. Crawford*, for appellant.

1.   The chancellor erred in treating the complaint as amended to set up an entirely new cause of action. Bliss on Code Pleading, § 429; 71 Ark. 222; 43 *Id.* 243; 59 *Id.* 441; 51 Ark. Law Rep. 203; 58 Ark. 504; 76 *Id.* 146; 55 *Id.* 562; 7 *Id.* 516; 29 *Id.* 637; 49 *Id.* 94.

2.   The chancellor erred in holding that a trust relation existed between de Yampert and Manley. 50 Ark. 71; 41 *Id.* 400; 95 *Id.* 496; 108 *Id.* 282.   A mere verbal promise and its breach is not sufficient; there must be some element of fraud.   114 *Id.* 138.

3.   The evidence is not sufficient.   114 Ark. 136.

4.   As to the four objections made by plaintiff's pleadings.   (1) That the court was without authority to order a sale for cash.   The decree was by consent. Manley is estopped and this was a mere irregularity cured by confirmation.   90 Ark. 170.   (2) Manley knew that Aaron Robertson died before final orders and that no order of revivor was made.   No fraud is alleged nor injury shown.   54 Ark. 541; 74 *Id.* 323; Kirby's Digest, § 6322; 10 U. S. L. Ed. 33.   The right of revivor did not exist after a decree declaring lien and ordering sale.   18 Ark. 414.

(3)   While the lien of the judgment did expire in three years, the lien of the mortgage did not expire until ten years after the decree.   69 Ark. 205-8.   No revivor was necessary.   10 Ark. 380.   A judicial sale is not void for want of notice.   47 *Id.* 413.

*Henry & Harris*, for appellee.

1.   The chancellor committed no error in considering the complaint as amended to conform to the proof.   42 Ark. 59; Kirby's Digest, §§ 6140-5, 6148; 100 Ark. 216; 40 *Id.* 352; 54 *Id.* 441; 64 *Id.* 451; 80 *Id.* 330.   No exceptions were saved.   64 *Id.* 450.

2.   The evidence supports the decree that the trust relation existed.   It is a fraud in a purchaser who obtains property at a price greatly below its market value, by means of a verbal agreement, to keep it in violation of the agreement.   19 Ark. 39; 41 *Id.* 264;

187 S. W. 1057. The facts of this case show fraud. 2 Pom. Eq. 1055; 28 Ark. 290; 26 *Id.* 445.

3. The decree of March 12, 1912, was wholly void. Robertson had died and there was no revivor and the lands were sold for cash. There is no estoppel by laches. 81 Ark. 320; 83 *Id.* 160; 102 *Id.* 61; 92 *Id.* 500; 94 *Id.* 226; 97 *Id.* 43.

4. A sale for cash is not a mere irregularity cured by confirmation. Kirby's Digest, § 6236. It was void on its face. 27 Ark. 292; 34 *Id.* 63; 37 *Id.* 125. Appellant was not an innocent purchaser. 81 Ark. 457-464; 71 *Id.* 311; 58 *Id.* 168.

5. An action can proceed no further, after the death of a party, until properly revived. 76 Ark. 123; 105 *Id.* 222; 31 *Id.* 319; 103 *Id.* 608; 1 Cyc. 84. The law was not complied with. 66 Ark. 376; 90 *Id.* 166; 38 S. W. 687; 28 Ark. 71; 45 *Id.* 267; 1 Ky. Law Rep. 348; 6 *Id.* 517; 41 S. W. 27. The decree is right upon the whole case.

McCULLOCH, C. J. J. B. Gabe owned a tract of land in Ashley county, Arkansas, described as the north fractional half of the northeast quarter of section ten (10), township nineteen (19) south, range five (5) west, and mortgaged the same to the American Freehold Mortgage Company to secure indebtedness evidenced by notes which were assigned by the mortgagee to William Gaines, and the latter instituted proceedings in the chancery court of Ashley county to foreclose the mortgage. A consent decree was entered by the chancery court on December 15, 1906, and said lands were condemned for sale by a commissioner of the court, the sale being ordered for cash. By agreement between the respective parties to the decree, the sale was deferred, and in the year 1907 Aaron Robertson filed his intervention in the cause alleging that he had purchased the south half of said tract from one Moats, who was the owner at the time, and received a title bond and was put in possession. Robertson claimed title to the last mentioned portion of the

mortgaged land, but a decree was rendered which in effect adjudicated his title to be superior to that of Gabe but subordinate to the mortgage upon which the original foreclosure decree had been rendered.

The decree of the court was that, "as against the plaintiffs, Benjamin Graham, trustee, and William Gaines, assignee, that under the decree heretofore rendered in their favor v. J. B. Gabe and wife, they shall first have sold the north half of said land, and if same is not sufficient to satisfy said decree that he then have sold the south half. That as between Gabe and Robertson, Robertson has paid for the south half of said land and has held the same for more than twenty years, claiming the same absolutely as his own against the world, and has valid title thereto as against said Gabe." The decree then proceeded to divest the title to the south half of said tract out of Gabe and vest the same in the said Aaron Robertson. The last mentioned decree was rendered November 24, 1908.

Robertson died in December, 1910, in possession of the land and leaving his last will and testament devising the land to appellee Manley. On March 12, 1912, there having been no sale under the decree, the court on motion of the original plaintiff, made an order discharging the commissioner theretofore appointed, on account of removal from the State, and appointed another commissioner in his stead and ordered him to sell the whole of the tract mentioned in the decree "in the manner prescribed in the decree of this court" rendered in the year 1906. That order was made without revivor of the cause and without the appellee having been brought into the cause in any manner. The commissioner last appointed proceeded at once to sell the land in accordance with the terms of the original decree, that is to say for cash, and sold at public sale to appellant, W. B. de Yampert, and made his report at the November term, 1911, of the court, and the report was confirmed, still without revivor and without the appearance of appellee. The price paid by appellant was $895.00 for the north half of said tract, which was

known as the Gabe land, and $300.00 for the south
half of the tract, known as the Robertson land.   The
commissioner executed a deed to appellant pursuant
to the order of the court, which deed was duly ap-
proved by the court, and appellant has been in posses-
sion of the land under the commissioner's deed since
that time.

On May 11, 1915, appellee instituted the present
proceeding by filing a complaint which he termed a
"bill to review and set aside the former orders of the
Ashley chancery court," and appellant was made
defendant.   The prayer of the complaint was that "the
order of sale, decree of foreclosure, order of revivorship,
sale and commissioner's deed be set aside, cancelled
and held for naught as a cloud on plaintiff's title inso-
far as same affect the south half of the fractional north
half of the northeast quarter of section ten (10)"
etc., and that his title to the land under the last will
and testament of Robertson be quieted as against the
defendant, W. B. de Yampert.   The former proceed-
ings were set forth in the complaint, and it was alleged
that the commissioner's sale and deed thereunder were
void for the reason that there had been no order of
revivor after the death of Robertson, that the com-
missioner made the sale prematurely without awaiting
the time prescribed in the original decree, and for the
further reason that the sale was made for cash contrary
to the terms of the statute.   Appellee also alleged that
appellant had been in possession of the land and receiv-
ing the rents and profits thereof to the amount of $200
per annum, which was more than sufficient to reimburse
appellant for the amount he had paid for this portion
of the land.

Appellant answered the complaint, denying the
allegations with reference to the ownership of the land
by appellee, and pleading estoppel and laches on the
part of appellant by standing by without objection
and permitting appellant to purchase the land at the
sale.   The cause was heard by the court upon the
record of the original proceedings and the depositions

of witnesses.   The court found that appellee was the owner of the land under the devise from Robertson, that appellant had purchased the land at the sale for appellee, Manley, and should be treated as the holder of the legal title in trust for the latter and should account for the rents and profits as a credit against the purchase price.   It was decreed that "the defendant be credited with the purchase price of said lands, $300 and interest thereon at ten per cent. per annum from date of purchase and be charged with rent from the time he went into possession until January 1, 1917, with interest, said purchase price and interest being exactly equal to said rentals for said five years and interest," and that appellee pay to appellant all the taxes previously paid by him, with interest, and that upon the payment of same the title to the south half of said tract be divested out of appellant and vested in appellee.   An appeal to this court has been duly prosecuted.

It is insisted on behalf of appellant that there was no allegation in the complaint upon the issue decided by the court in favor of appellee, and that there is no proof to sustain the finding of the court to the effect that appellant had agreed to purchase the land for appellee, and that the court erred in treating the pleadings as amended to conform to the proof on which the court based its finding and decree in favor of appellee.   We agree with appellant that there is not sufficient proof in the record to justify a finding in appellee's favor on that issue.   There is no proof at all that appellant agreed before the sale to purchase the land for appellee so as to bring the case within the decision of this court holding that a trust is, under those circumstances, created.   *Strasner* v. *Carroll*, 125 Ark. 34, 187 S. W. 1057.

(1-3)   However, counsel for appellee defend the decree on another ground, which we will proceed to consider, for if the chancellor reached the correct result the decree should be affirmed, even though the grounds upon which it is based are untenable.   The

contention is that the sale by the commissioner for cash, instead of on a credit as prescribed by statute, renders the sale void or voidable, and that there has been no valid confirmation for the reason that the cause was not revived after the death of Robertson. We are of the opinion that the ground thus stated is well taken, and that for that reason the decree of the chancellor reached the correct result. It has been decided by this court that a confirmation of a judicial sale is a final decree from which an appeal may be prosecuted. *Bank of Pine Bluff* v. *Levi*, 90 Ark. 166. It necessarily follows, therefore, that an order of revivor in case of the death of the defendant in the decree is essential to a valid order of confirmation. In other words, when the original defendant is severed from the cause by death, his successors to the title by inheritance or otherwise must be brought in by an order of revivor before their rights can be foreclosed. This follows as a necessary consequence, because the sale is not complete until the order of confirmation is rendered, which is a judicial act.

The authorities on this subject outside of this State are not altogether in harmony on the question, but our decisions as far as they go tend to support that view. *Cunningham* v. *Burk*, 45 Ark. 267; *Anglin* v. *Cravens*, 76 Ark. 122. The Kentucky Court of Appeals has expressly held in several cases that an order of confirmation made after the death of the defendant, and without revivor as against the heirs, was void and that no rights were acquired under the confirmed sale. *Murphy* v. *Fryer*, 1 Ky. Law Rep. 348; *Wheatley* v. *Hay's Heirs*, 6 Ky. Law Rep. 517; *Forst* v. *Davis*, 101 Ky. 343, 41 S. W. 27. The last case cited above is directly in point, and the court there said: "Where a defendant whose land has been sold under decree dies before the sale is confirmed, an order of confirmation entered upon an order of revivor against the widow and heirs, entered within six months after the death of the defendant, is void, and the commissioner's deed passes no title."

(4) Appellant relies upon the following statute of this State in support of the contention that an order of revivor is unnecessary: "After a conveyance is ordered or adjudged, if any of the parties shall die, it shall not be necessary to revive the action, but the conveyance, in pursuance of the judgment or order, shall be effectual to pass the title, notwithstanding the death of any of the parties." Kirby's Digest, § 6322. This statute, it will be observed, applies only to a case where a conveyance has been ordered, and it has no application to a question of revivor before confirmation. Our conclusion, therefore, is that in view of the effect of an order of confirmation, it is necessary that the parties in interest be before the court, and that if the original defendant die before the confirmation it is necessary to revive the action in the name of the successors to the title, and bring them in so as to give them an opportunity to be heard.

(5) It is also contended in behalf of appellant that the second decree rendered in the lifetime of Robertson was in fact in accordance with the terms of the original decree, and ordered a sale for cash, and that that irregularity cannot be taken advantage of, as there was no appeal by Robertson from that decree. It must be said, however, in answer to that contention, that counsel for appellant are mistaken, we think, as to the effect of that decree. It is true the decree ordered a sale of the land "under the decree heretofore rendered," but it did not specify the terms of the sale, and Robertson was not bound by the erroneous direction in the former decree as to the terms of the sale. The effect of the decree was not to make it a consent decree, as contended by appellant, nor was Robertson bound to appeal from it. If he had done so he could not have secured a reversal on the ground that it ordered a sale upon terms in conflict with the direction of the statute, as the decree did not make such a direction. The statute itself (Kirby's Digest, § 6236) prescribes the minimum period of credit on foreclosure

sales, and the decree being silent as to the terms must be construed with reference to the statute.

(6) A valid confirmation would have cured the irregularity, but a sale in direct conflict with the terms of the statute in this respect should not be confirmed. It was the duty of the court to disapprove the report and reject the sale when it was shown that it had not been made in compliance with the express directions of the statute. We must treat the sale, therefore, as unconfirmed, there having been no valid order of confirmation, and it follows that the court was correct in setting aside the sale, but the decree should be based upon the fact that the sale had not been made in conformity with the directions of the statute.

(7) Appellee is not estopped to assert the invalidity of the order of confirmation. He did not, according to the proof, consent to the sale or encourage appellant to purchase the land. All that occurred between the parties, according to the proof, was after the sale was made, and appellee has done nothing upon which the doctrine of estoppel may be invoked. He merely waited a time not sufficient for the statute of limitations to bar his rights.

(8) The chancellor was also correct in charging appellant with rents and profits, as he took possession prematurely and there has been no valid confirmation of the sale. The finding of the chancellor as to the amount of the rents is not against the preponderance of the testimony.

We say nothing about the form of the proceedings in which the remedy is sought by appellee, nor the forum chosen, for the reason that no question is raised here concerning those matters.

Decree affirmed.