CLARKE *v.* THE FEDERAL LAND BANK OF ST. LOUIS.

4-5414                                   126 S. W. 2d 601

Opinion delivered March 27, 1939.

*H. S. Grant,* for appellant.
*W. H. Bengal,* for appellee.

SMITH, J. A decree was rendered December 18, 1936, on personal service, foreclosing a mortgage executed by

W. B. Clarke, and Carrie L., his wife, to The Federal Land Bank of St. Louis. The mortgaged lands were sold, pursuant to this decree, by the commissioner appointed for that purpose, on February 6, 1937, to the land bank, and the report of this sale was duly made and filed May 25, 1937, and was approved and confirmed on the same day. Thereafter, and on the same day, the commissioner, in open court, acknowledged the execution of a deed to the bank for the lands which he had sold. The deed was approved, and it was ordered that the deed be filed for record, and it was duly recorded May 27, 1937. Later, on a date not disclosed by the record before us, the bank sold and conveyed the lands purchased at the foreclosure sale to Leland Bunch.

On April 11th Clarke and wife filed "Motion to cancel and set aside sale of lands, cancel and set aside deed made and executed to plaintiffs by commissioner." This relief was asked on the ground that the commissioner's "sale was not had and held in the manner and form required under the terms of the decree of foreclosure granted by this court on the 18th day of December, 1936."

The foreclosure decree directed the commissioner to advertise the time, terms and place of sale for a period of not less than twenty days next before the day of sale, by at least three weekly insertions of the notice of sale in some newspaper published in Jackson county, in the chancery court of which county the decree had been rendered. It is contended that the notice of sale was published only twice, the first publication being made on January 14, 1937, and the second on January 21, 1937, and the proof of this publication was not verified as required by § 8784, Pope's Digest.

The sale should, of course, have been advertised for the time specified in the decree of foreclosure, and the proof of publication of the notice of sale should have been verified. Had these objections, or either of them, been called to the attention of the court before confirming the sale, the court would, no doubt, have required proof that the notice of sale had been published for the time and in the manner required by the decree of foreclosure, and that proof of the publication be verified as required by

law. But no such objection was made before the confirmation of the commissioner's report. Indeed, the objection was not made until after an intervening term of the court had been held and had adjourned. We conclude, therefore, that the objections now made have not been made in apt time. The defendant in the foreclosure suit had the right to interpose the objections he now makes against the confirmation of the sale; but he shows no reason why these objections were not made prior to the confirmation of the commissioner's report. The purpose and effect of the confirmation of the commissioner's report of sale is to ascertain and adjudge whether the sale had been held in conformity with the provisions of the decree of foreclosure and of the law relating to sales thereunder. The decree of confirmation imports a finding that the terms of the decree and the provisions of the statute were complied with, and objections made thereafter, which offer no reason why they were not made before confirmation, come too late.

The purported proof of publication appearing in the record shows that the first publication of the notice appeared more than twenty days prior to the sale. It does not appear that there was no other evidence as to publication. Other proof as to the publication of the notice may have been offered upon considering the confirmation of the commissioner's report. Such testimony would have been competent. *Whitford* v. *Whitford,* 100 Ark. 63, 139 S. W. 653; *Allen* v. *Allen,* 126 Ark. 164, 189 S. W. 841; *Mahan* v. *Wilson,* 169 Ark. 117, 273 S. W. 383; *Straughan* v. *Bennett,* 153 Ark. 254, 240 S. W. 30.

It is true also, as a general proposition, that a decree of confirmation cures any irregularities in the conduct of a sale, if the court, in the first instance, might have authorized the sale to be held in the manner in which it was in fact conducted. Section 394, Chapter Mortgages, 19 R. C. L., page 581. Moreover, "It has been decided by this court that a confirmation of a judicial sale is a final decree from which an appeal may be prosecuted." *De Yampert* v. *Manley,* 127 Ark. 153, 191 S. W. 905. There was no appeal from this decree, and the motion to

vacate it was not filed until nearly a year after its rendition.

The court dismissed the motion to vacate as being without equity, and as that decree appears to be correct it is affirmed.