OREM *v.* MOORE, EXECUTOR.

5-366                                          272 S. W. 2d 60

Opinion delivered November 1, 1954.

MOORE, EXECUTOR *v.* OREM.

5-459

Opinion delivered November 1, 1954.

*Ted McCastlain,* for appellant.

*Sharp & Sharp,* for appellee.

*Sharp & Sharp,* for appellant.

*Ted McCastlain,* for appellee.

GEORGE ROSE SMITH, J. For brevity we consider in one opinion two separate appeals from a receivership proceeding pending in the Monroe Chancery Court. Robert Moore, as executor of the will of Charles Dill, began the litigation by filing a petition in which he asked that a receiver be appointed to sell the assets of the partnership business known as Dill & Orem Dry Goods Company. Mrs. Clyde Orem, the surviving partner, resisted Moore's application for a receiver and has appealed from a decree which made the receivership permanent and which ordered a sale of the partnership property. The order of sale was not superseded, however, and during the pendency of Mrs. Orem's appeal the assets were sold by the receiver. Moore's subsequent appeal questions two items in the order distributing the proceeds of sale.

With respect to Mrs. Orem's appeal, which was taken under the statutes now superseded by Act 555 of 1953, Moore's principal contention is that the appeal should, under Ark. Stats., 1947, § 27-2102, have been perfected within thirty days after the entry of the decree. This contention cannot be sustained. The statute in question fixes a thirty-day limitation for appeals from interlocutory orders appointing a receiver or refusing to wind up a receivership. The decree now under review did more than simply appoint a receiver; it directed the receiver to sell the Dill & Orem assets at public sale. In the interest of justice it is essential that such an order of sale be appealable. As we stated in *Davie* v. *Davie,* 52 Ark. 224, 12 S. W. 558, 20 Am. St. Rep. 170: "But 'where the decree decides the rights to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for a further decree to adjust the account between the parties.' *Forgay* v. *Conrad,* 6 How. 206, 12 L. Ed. 404; *Thompson* v. *Dear,* 7 Wall. 342, 19 L. Ed. 94. The appeal is allowed in such cases to prevent irreparable injury pending the suit." See also, *Tucker* v. *Yell,* 25 Ark. 420, 431; *Grinnell Co.* v. *Brewer,* 153 Ark. 532, 240 S. W. 424.

It is a familiar rule that when property is sold at a judicial sale to one not a party to the suit, a subsequent reversal of the decree does not affect the purchaser's title. *Hadfield* v. *Kitzmann*, 223 Ark. 459, 266 S. W. 2d 801. Consequently one who thinks the order of sale erroneous must be permitted to appeal at once, and, by making a supersedeas bond, prevent the title to the property from being irretrievably transferred. It happens that Mrs. Orem did not supersede this particular sale, but of course that circumstance does not affect the finality of the decree.

On its merits Mrs. Orem's appeal is well taken. We find in the record no justification for Moore's decision to cast the partnership affairs into receivership. Dill and Mrs. Orem formed their partnership in 1951 and together operated a small dry goods store in Brinkley until Dill's death on March 8, 1953. Dill's widow was the residuary beneficiary of his estate, but she made no effort to bring about an immediate liquidation of the business; to the contrary, she preferred to delay the matter. Mrs. Dill died on June 16, 1953, having survived her husband by only about three months. Two weeks later Moore, as Dill's executor, filed the present petition and obtained the appointment of a temporary receiver, without notice to Mrs. Orem. The store was closed at once by that receiver and has since remained closed.

The Uniform Partnership Act states the common law rule that a surviving partner has the right to wind up the partnership affairs. Ark. Stats., § 65-137. Although the statute permits the legal representative of a partner, "upon cause shown," to obtain a winding up by the court, not the slightest cause for this procedure is disclosed by this record. Moore's petition, assigning as cause only a conclusion of law, is demurrable, and the proof does not help the pleading. Quite the opposite, the uncontradicted evidence confirms the wisdom of allowing the surviving partner to liquidate the business. It is clear enough that Mrs. Orem, by reason of her familiarity with the concern, was best fitted to convert the assets into cash. In his testimony Moore in effect concedes Mrs. Orem's ability,

the completeness and accuracy of her account books, and her integrity. His rather lame complaint is that it would be more businesslike to have a disinterested person in charge. The law does not regard this as a sufficient basis for an expensive and protracted receivership. The decree making the receivership permanent and ordering a sale of the property is reversed and the cause is remanded, all costs of the proceeding in this court and in the court below to be assessed against Moore, as executor.

The two items questioned by Moore's appeal do not call for extended discussion. First, the decree gave Mrs. Orem credit for a partnership investment which included among other things the sum of $25, which Mrs. Orem testified she put in the cash register when the store opened for business. This testimony is objected to as a violation of the dead man's statute, Ark. Const., Sched., § 2; but since there is nothing to indicate that Dill was present or had anything to do with this evidence to the partnership it cannot be said that the testimony involves a transaction with the decedent. Second, what was apparently an operating loss of $76.71, incurred between the date of Dill's death and the institution of this litigation, was charged by the decree as a partnership debt. It is now contended that Mrs. Orem should be held personally liable for this amount, upon the theory that after her partner's death she failed to liquidate the concern as quickly as she should have done. In this interim of less than four months Mrs. Orem seems to have reduced the partnership indebtedness by some two thousand dollars and to have obtained at least one offer of purchase for the assets. We discern no sound reason for holding that there was any unreasonable delay on the part of the surviving partner, especially as Mrs. Dill was aware of what was being done and acquiesced therein. The decree in Case No. 5-459, in so far as the two items now challenged are concerned, is affirmed.