GRIFFIN *v.* SOLOMON, EXECUTRIX.

5-3199                    375 S. W. 2d 232

Opinion delivered February 10, 1964.

A. M. Coates, for appellant.

David Solomon, for appellee.

GEORGE ROSE SMITH, J. This suit was brought by B. M. Solomon (now deceased) and Michael Gradus to foreclose a real estate mortgage executed by Arthur Cotton, Jr. By intervention the four appellants, Arthur's brothers and sisters, contended that they were tenants in common with him, that they had not joined in the mortgage, and that it was not a lien against their undivided four-fifths interest. The chancellor held that the appellants were bound by the mortgage. On appeal, however, we reversed that decree, finding that the mortgage lien was effective only as to Arthur's one-fifth interest. *Griffin* v. *Solomon,* 235 Ark. 909, 362 S. W. 2d 707.

In taking their first appeal the appellants did not supersede the decree. The foreclosure sale was accordingly held while that appeal was pending. David Solomon, Jr., the attorney for the mortgagees, bid $4,300 for the land and directed that the commissioner's deed be made to J. A. Hale, which was done. After the reversal of the original decree the appellants asked that the sale be set aside and that the land be resold. They contend that the purported sale to Hale was merely a colorable transaction for the real benefit of the mortgagees and, further, that the land is actually worth about $8,000. **This appeal is from a decree refusing to disturb the sale.**

When property is sold under a decree that is erroneous but not void, the sale will be set aside upon a reversal of the decree if the purchaser was a party to the suit, and this is true even though the decree was not superseded. *Fishback* v. *Weaver,* 34 Ark. 569. On the other hand, the reversal does not affect the sale if the purchaser was a stranger to the case, paying a valuable consideration. *Ibid.; Moore* v. *Woodall,* 40 Ark. 42. The only importance of a supersedeas is that it enables the losing party to prevent the land from being sold to a stranger pending the appeal. *Orem* v. *Moore,* 224 Ark. 146, 272 S. W. 2d 60.

We are of the opinion that the sale to J. A. Hale was a colorable transaction, designed to keep the land in the Solomon family. B. M. Solomon testified that he

did not anticipate that Hale would reconvey the land to him and Gradus, the mortgagees. But B. M. Solomon admitted that he was in the position of preferring to receive $860 under the first sale rather than receive $1,600 as the true value of Arthur Cotton's one-fifth interest. His only explanation for his position was that ''you might say I'm hard-headed.''

Hale is an employee of Solomon & Goldsmith Cotton Company. He works under the direction and supervision of David Solomon, Jr., the attorney, who is the chief executive officer of the corporation. Solomon, who made the bid in Hale's name, admitted with candor that he himself actually furnished the money for the purchase and that it was an open unsecured loan, not even evidenced by a note. Thus it does not appear that Hale, who did not see fit to testify, is in a position to insist that he paid value for the property.

In a well-reasoned opinion the Supreme Court of Florida held that when an attorney in the case purchases at the sale he must be treated in the same way as a party, so that a reversal avoids the sale. *Johnson* v. *McKinnon*, 54 Fla. 221, 45 So. 23, 127 Am. S. R. 135, 13 L.R.A. (n.s.) 874, 14 Ann. Cas. 180. Hence if David Solomon, Jr., was actually the purchaser, as the proof suggests, the land should be resold. This course of action is not unjust.

In fairness we should add that Mr. Solomon, as counsel for the appellees, does not argue that the sale to Hale was genuine. He first contends that the chancellor could not set the sale aside after the lapse of the term. This argument is without merit, because the effectiveness of our mandate upon reversal is not dependent upon a continuation of the trial court's term. His second contention, that the appellants lost their rights by failing to supersede the decree, has already been answered.

Reversed.