Raymond Franklin WILLIAMS and Ricky Allen Williams *v.* Randy HALL; Law Offices of Gary Green; South Sheridan Water Association; and Homer Davis, Representative of the Estate of Ethel Davis, Deceased

CA 06-502                                            250 S.W.3d 581

Court of Appeals of Arkansas
Opinion delivered February 28, 2007

*Harrill & Sutter, PLLC*, by: *Raymond Harrill*, for appellants.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Micheal L. Alexander* and *David W. Sterling*, for appellee South Sheridan Water Ass'n.

*Law Offices of Gary Green*, by: *Bryce Brewer*, for appellee Randy Hall.

JOHN MAUZY PITTMAN, Chief Judge. This appeal is from a probate court's refusal to set aside the confirmation of a judicial sale of land, inherited and held as tenants in common by the decedent's grandsons, to satisfy an attorney's lien for his representation of only one of the grandsons in a will contest. Because the trial court erred in refusing to set aside the confirmation of sale, we reverse and remand for further proceedings consistent with this opinion.

On June 12, 2002, the Estate of Ethel Davis was opened after a petition for appointment of personal representative filed by Homer Davis, the decedent's brother-in-law. Ms. Davis was survived by several relatives, including her daughter-in-law, Faye Williams Thompson, and her grandsons, appellants Raymond Franklin Williams (Franklin) and Ricky Allen Williams. On July 23, 2002, Franklin, through his attorney, appellee Randy Hall, with the Law Offices of Gary Green, filed a petition to contest his grandmother's will. On September 16, 2003, Franklin, represented by Mr. Hall; Mr. Davis, as executor of the estate; and Ms. Thompson entered into a settlement agreement wherein Franklin agreed to dismiss his will contest and Ms. Thompson disclaimed her interest in Ms. Davis's estate. The effect of Ms. Thompson's disclaimer was that appellants held Ms. Davis's real property, less one acre to be awarded to another beneficiary, as tenants in common.

By letter dated October 16, 2003, Mr. Hall informed Franklin that he was terminating their attorney-client relationship. On November 25, 2003, Mr. Hall filed a notice of attorney's lien upon Franklin's recovery in the probate proceeding, including Ms. Davis's real property. A hearing was held on the attorney's lien on December 4, 2004. Franklin appeared pro se at the hearing, and Mr. Davis appeared with counsel. Mr. Hall and Bryce Brewer, with the Law Offices of Gary Green, were also there. Ricky, who was in prison, did not attend. At the conclusion of this hearing, the trial court indicated that it would sell both appellants' interests at the judicial sale to satisfy Mr. Hall's lien. On January 13, 2005, Franklin and Ricky, "through his Power Of Attorney, Eric Waddell," filed a pro se notice of appeal protesting the sale of Ms. Davis's real property. They did not pursue this appeal further.

On February 10, 2005, the circuit judge entered an order finding that Franklin had executed a valid and enforceable contingency agreement with the Law Offices of Gary Green to represent his interest as the beneficiary of the estate; that this contract entitled the Law Offices of Gary Green to an attorney's fee and an attorney's lien on the real property; that Sally Wiggins, according to the will, was entitled to one acre of the real property; and that the remainder of the real property should be sold to satisfy the lien. This order provided for a commissioner of the court to conduct the sale at the Grant County Courthouse after advertising the time, terms, and place of sale for twenty or more days by publication in a Grant County newspaper on at least two insertions. The order provided that the sale to the purchaser would foreclose all of the right, title, claim, interest, equity, and estate of Franklin and Ricky and that Franklin would pay all costs of the suit. The trial court concluded with the following decree:

> IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the proceeds of the sale of the real property shall be paid to the following parties:
>
> a) one half of the proceeds to Ricky Williams;
>
> b) of the remaining one half of the proceeds, 35% to Law Offices of Gary Green;
>
> c) remainder to Franklin Williams.
>
> Costs of the sale and the Commissioners' fee shall be charged to Franklin Williams.

Mr. Hall filed a motion to strike the January 2005 notice of appeal filed by Franklin and Ricky on the ground that they had failed to comply with the Rules of Appellate Procedure and had failed to file the record on appeal with the Arkansas Supreme Court Clerk. Mr. Hall requested that the court set a new sale date to enforce his lien. On November 8, 2005, the circuit court granted the motion to strike, ordered that Franklin's and Ricky's appeal be dismissed, and directed that the property be sold on December 15, 2005, "at the Grant County Courthouse lobby after notice as in foreclosure."

On November 14, 2005, another notice of commissioner's sale was filed. This notice provided that, in accordance with the November 8, 2005, order, the commissioner would sell the property to the highest bidder at the courthouse on December 15, 2005. The proceeds of the sale would be paid as follows:

a) one half of the proceeds to Ricky Williams;

b) of the remaining one half of the proceeds, 35% to Law Office of Gary Green plus its costs;

c) remainder to Franklin Williams. Costs of the sale and the Commissioners' fee shall be charged to Franklin Williams.

This sale is being made for the purposes of foreclosure.

The proof of publication filed on December 6, 2005, stated that the notice of the sale had been published on November 30, 2005, and December 7, 2005, in the *Sheridan Headlight*.

The property was sold at the Grant County Courthouse on December 15, 2005, to the highest bidder, South Sheridan Water Association, for $34,000. On January 9, 2006, at 2:40 p.m., the circuit court entered an order approving the report of sale, confirming the sale in all respects, and directing the personal representative to execute and deliver a deed to the purchaser. This order found that the sale was conducted and was in all respects in compliance with applicable statutes and orders of the court and that it was "in the best interest of the estate and all interested parties." At 2:41 p.m., on January 9, 2006, the executor's report of sale was filed.

On February 7, 2006, Franklin and Ricky, represented by attorney Raymond Harrill, filed a motion to set aside the January 9, 2006, order confirming the sale of the property pursuant to Ark.

R. Civ. P. 60. They alleged that the sale was not conducted in accordance with Ark. Code Ann. §§ 28-51-301 through 305 (Repl. 2004) and Ark. Code Ann. § 28-51-109(b) (Repl. 2004); that the process was so defective as to render the sale void; and that they had been denied due process. They also noted that, because title to realty vests in the devisees immediately upon the testatrix's death,[1] appellants were interested parties as defined by the statutes and were entitled to notice of all proceedings that would affect the disposition of the property. Through Mr. Harrill, on February 8, 2006, appellants filed a notice of appeal from the order confirming the sale of the real property entered on January 9, 2006.

In his response to the motion to set aside the order confirming the sale, Mr. Hall argued that appellants had failed to properly pursue the appeal from the November 8, 2005, order and that the sale was properly accomplished under the foreclosure statutes. Mr. Hall also stated that both appellants were in attendance at the December 15, 2005, sale and that they should have objected to the foreclosure sale before the confirmation of sale was filed.

Appellee South Sheridan Water Association intervened in this action in February 2006. The circuit court held a hearing on the motion to set aside the court's order of confirmation on March 7, 2006. Appellants appeared in person and with their attorney at this hearing, where they urged the court to set aside the confirmation because Ricky was not a party to the sale. The South Sheridan Water Association moved for execution of a deed.

On April 24, 2006, the circuit court entered an order denying the motion to set aside and made the following findings:

> It is the finding of this Court that the sale of the land in this matter was a judicial sale ordered by the Court, that the sale of the land was in substantial compliance with all applicable statutes and codes, that the sale occurred at a public auction and there being no dispute, the Petitioners were in attendance at the auction[.] [I]t is the finding of this Court that there is no basis to set aside the Order previously entered in this matter, that the sale of the property was in substantial compliance with the Court's Order and all applicable statutes and codes, and therefore the motion should be, and hereby is DENIED.

---

[1] *See Farmers Coop. Ass'n, Inc. of Rogers v. Webb*, 249 Ark. 277, 459 S.W.2d 815 (1970).

The circuit court also entered an order confirming the sale on April 24, 2006, making the following findings:

1. Pursuant to a previous Order of this Court, a Commissioner was appointed for the purpose of conducting a judicial sale and the Court's previous Orders are incorporated herein by reference.

2. That as a court-appointed judicial sale, a Commissioner was appointed for the purpose of conducting the sale and the Court is satisfied that the sale was conducted in all respects in compliance with the applicable statutes and previous Orders of this court and was in the best interest of the estate and other interested parties.

3. That the verified Report of Sale prepared by the Personal Representative is accepted by this Court as the Report of the Commissioner and is therefore in substantial compliance with the Court's previous Orders and all other applicable statutes and Orders of this Court and the Court further finds that the Personal Representative did not directly or indirectly acquire any beneficial interest in the subject property, that the Commissioner did not directly or indirectly acquire any beneficial interest in the subject property.

4. It is found by this Court the Report of Sale as previously described is acceptable to this Court as presented and therefore the sale was conducted in all respects in compliance with this Court's previous Order and all applicable statutes and codes.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the Report of Sale be and hereby is approved and confirmed in all respects and that the Commissioner appointed by this Court is hereby authorized and directed to execute and deliver to the purchaser, South Sheridan Water Association, a proper and sufficient fiduciary deed conveying all of the decedent's rights, title and interest in the described real property, free and clear of the decedent's debts and claims against the estate.

The same day, the circuit court entered an order directing the commissioner to deliver a deed of the property to South Sheridan Water Association. Appellants filed a timely notice of appeal from the orders entered on April 24, 2006.

Probate cases are reviewed de novo on appeal, and we will not reverse the probate court's findings of fact unless they are clearly erroneous. *Snowden v. Riggins*, 70 Ark. App. 1, 13 S.W.3d

598 (2000). We review a trial court's decision under Rule 60 for an abuse of discretion. *Joplin v. Joplin*, 88 Ark. App. 190, 196 S.W.3d 496 (2004). We will also not reverse a trial court's confirmation of a judicial sale if the trial court did not abuse its discretion. *Kellett v. Pocahontas Fed. Sav. & Loan Ass'n*, 25 Ark. App. 243, 756 S.W.2d 926 (1988).

There are several subpoints under appellants' first point on appeal, which is that the trial court erred in ordering the sale of the interests of both Franklin and Ricky. They argue: (a) the attorney's lien did not attach to Ricky's interest; (b) the trial court had no authority to sell Ricky's interest; (c) whatever sale occurred is subject to Ricky's undivided interest; (d) Ricky should have been joined as a party under Ark. R. Civ. P. 19(a); and (e) the trial court erred in failing to require compliance with Ark. R. Civ. P. 64(b) concerning Mr. Hall's withdrawal as attorney of record for Franklin. In their second point, appellants argue: (a) the probate code was not followed; and (b) the statutes regarding judicial sales were not followed. In their third point, they argue that the trial court should not have ordered the commissioner to issue a deed to South Sheridan Water Association. We need only address the arguments concerning the sale of Ricky's interest.

■ Appellants argue, without conceding that Mr. Hall was entitled to his lien, that the lien was only against Franklin's interest; that there is nothing in the record to reflect that Ricky was a party to the action contesting the will; that Ricky was not represented by Mr. Hall; and that Ricky was not a party at the hearing on Mr. Hall's attorney's lien. Appellants are correct. Appellants argue that the circuit court lacked authority to sell Ricky's interest in the property because there was no attorney's lien against his interest in the estate. Because this was a testate estate, they argue, the deceased's title vested immediately in Ricky and Franklin, subject to the expenses of the estate and any widow's homestead or dower. *See Farmers Coop. Ass'n, Inc. of Rogers v. Webb*, 249 Ark. 277, 459 S.W.2d 815 (1970). Because there is nothing in the record to reflect a request by the executor to sell the property for administrative expenses, appellants argue, there was no justification for the trial court to issue an order selling Ricky's interest. Appellants contend that fundamental due process required that Ricky be made a party to this proceeding if his interest was going to be exposed to sale by the court and point out that Ark. R. Civ. P. 19(a) is mandatory in its requirement that a person who is subject

to service of process shall be joined as a party if he is so situated that the disposition of the action in his absence may, as a practical matter, impair or impede his ability to protect that interest. Appellants argue that, because Ricky was a one-half owner of the property, due process required that he be given notice and a reasonable opportunity for a hearing before he was deprived of that property. We agree. The record reflects that it was not until the conclusion of the hearing on the attorney's lien, when the circuit court indicated that Ricky's interest would also be sold, that the sale of Ricky's interest was first raised. Before that time, Ricky had no notice that this was a possibility.

Before responding to the merits of appellants' arguments, appellees assert that these issues are being raised for the first time on appeal. That is not correct; appellants made these arguments (except for the attorney's withdrawal issue) below. Appellees also state that, because a decree that orders a judicial sale of property is a final, appealable order under Ark. R. App. P. – Civil 2(a)(1), and appellants failed to pursue appeals from the orders filed on February 10, 2005,[2] and on November 8, 2005, appellants cannot question the decree ordering the sale. Appellees also argue that the filing of the Rule 60 motion on February 7, 2006, did not extend the time for filing an appeal from the January 9, 2006, order. However, this appeal is from the April 24, 2006, orders, and it was filed timely. Further, regardless of his failure to pursue the pro se appeal from the February 10, 2005, order, or to appeal from the November 8, 2005, order, Ricky can challenge all of the orders concerning the sale, as explained below.

On the merits, appellees acknowledge that no lien attached to Ricky's interest in the property. However, they point out that an attorney's lien can be enforced in a foreclosure suit under a commissioner's sale, *see Baxter County Bank v. Davis*, 137 Ark. 459, 208 S.W. 797 (1919), and argue that the court could, in effect, order partition of the property and deliver half of the proceeds of the sale to Ricky. Appellees assert that, because any

---

[2] Appellees question the effectiveness of appellants' pro se notice of appeal filed on January 13, 2005, which was a few weeks before the order was actually entered on February 10, 2005. However, under Ark. R. App. P. – Civil 4(a), a notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered.

person having an interest in land held in common can file a petition for partition and sale under Ark. Code Ann. § 18-60-401 (Repl. 2003) and, because, upon the filing of the will contest, Mr. Hall obtained an interest in the property through his lien, he could ask the trial court to partition the property and sell it to satisfy his lien. Appellees state that the trial court simply exercised its authority to enforce Mr. Hall's lien by ordering the partition and sale of the property. We disagree. It is clear that, according to the statutes governing partition, anyone with an interest in the land must be named as a party in a partition suit. *See Kinkead v. Spillers,* 336 Ark. 60, 983 S.W.2d 425 (1999); *Woolfolk v. Davis,* 225 Ark. 722, 285 S.W.2d 321 (1955); Ark. Code Ann. §§ 18-60-401, -403 (Repl. 2003). As explained below, the trial court could not order the sale of Ricky's interest without his being a party.

Appellees also contend that Ricky personally entered an appearance in this action when Mr. Waddell filed a pleading on his behalf in January 2005 and that, because Ricky had notice of all the proceedings related to the enforcement of the attorney's lien, he had ample opportunity to be heard before the sale was conducted. They assert that Franklin and Ricky unquestionably received notice of the sale because they both attended the sale and that it was not necessary to join Ricky as a party because he was personally aware of the proceedings and because he received notice of the proceedings through Eric Waddell. They state that the executor notified Ricky, through Mr. Waddell, of the lien and of the hearing to consider the lien. They also note that, in appellants' pro se notice of appeal filed on January 13, 2005, they indicated that they were aware of the trial court's holding at the hearing that the property should be sold. They further state that Mr. Waddell was notified of Mr. Hall's motion to strike appellants' notice of appeal and to set a sale date and that he was notified of the notice of commissioner's sale by letter of November 9, 2005.

Even if Ricky entered an appearance in this proceeding by filing the pro se notice of appeal, which we need not decide, that could not make up for the fact that he was not a party when the attorney-lien hearing occurred. *See Davis v. Schimmel,* 252 Ark. 1201, 482 S.W.2d 785 (1972). Before that, although he might have been aware that some kind of hearing would be held, he had no idea that his interest in the property might be sold to satisfy Franklin's attorney's lien.

In judicial sales, the circuit court is the vendor, and, in the exercise of a sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Mulkey v. White,* 219 Ark. 441, 242 S.W.2d 836 (1951). The purpose and effect of an order confirming a commissioner's report of a judicial sale is to ascertain and adjudge whether the sale was held in conformity with the provisions of the decree of foreclosure and the applicable statute. *Clarke v. Fed. Land Bank of St. Louis,* 197 Ark. 1094, 126 S.W.2d 601 (1939). The decree of confirmation imports a finding that the terms of the decree and the statute were complied with, and objections made thereafter that offer no reason why they were not made before confirmation come too late. *Id.* As a general proposition, a decree of confirmation cures any irregularities in the conduct of a sale if the court, in the first instance, might have authorized the sale to be held in the manner in which it was in fact conducted. *Id.* A confirmation of a judicial sale is a final decree from which an appeal may be prosecuted. *Id.* In the absence of fraud, accident, mistake, or some other cause for which equity would avoid a like sale between private parties, a court will not set aside an order confirming a judicial sale. *Alexander v. Stack,* 172 Ark. 530, 289 S.W. 484 (1927); *see also Dumas v. Owen,* 210 Ark. 505, 196 S.W.2d 987 (1946); *Bank of Pine Bluff v. Levi,* 90 Ark. 166, 118 S.W. 250 (1909); *Waldo v. Thweatt,* 64 Ark. 126, 40 S.W. 782 (1897). In *Almobarak v. McCoy,* 84 Ark. App. 152, 137 S.W.3d 440 (2003), we held that an unsuccessful bidder's objection to a public sale of foreclosed land was untimely because it was filed forty-four minutes after an order confirming the sale was filed and because the appellant had offered no reason why he had not raised his objections to the sale before the order of confirmation was entered. This case, however, is different.

Due process requires that one be given a meaningful opportunity for a hearing, appropriate to the nature of the case and preceded by notice, before he is deprived of any significant property interest, except where some valid, overriding state interest justifies postponing the hearing until after the event. *Bright v. Gass,* 38 Ark. App. 71, 831 S.W.2d 149 (1992). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Washington v. Thompson,* 339 Ark. 417, 6 S.W.3d 82 (1999). The concept of due process requires neither an inflexible procedure universally applicable to every situation nor a technical concept with a fixed content unrelated to time, place, and circumstance. *Id.* What

process must be afforded is determined by context, dependent upon the nature of the matter or interest involved. *Id.*

It is well settled that all persons whose rights might be affected by the determination of a controversy involving land must be made parties to an action. *Koonce v. Mitchell,* 341 Ark. 716, 19 S.W.3d 603 (2000); *Riddick v. Streett,* 313 Ark. 706, 858 S.W.2d 62 (1993); *Wood v. McCoy,* 228 Ark. 880, 311 S.W.2d 755 (1958); *Harrison v. Knott,* 219 Ark. 565, 243 S.W.2d 642 (1951); *Hunt v. McWilliams,* 218 Ark. 922, 240 S.W.2d 865 (1950).

Actual knowledge of a proceeding does not validate defective process. *Wilburn v. Keenan Cos.,* 298 Ark. 461, 768 S.W.2d 531 (1989). The general rule is that a judgment entered without jurisdiction of the person is void. *Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001). A court can offer at a judicial sale only such title as is held by the person or estate whose interest is being sold. *Bohra v. Montgomery,* 31 Ark. App. 253, 792 S.W.2d 360 (1990). Consequently, it is firmly settled that the rule of caveat emptor applies to such a sale, so that the purchaser takes subject to outstanding liens. *Id.; accord Jones v. Nix,* 232 Ark. 182, 334 S.W.2d 891 (1960). Thus, the purchaser acquires no better title by reason of the judicial sale than the parties to the action have. *Pate v. Peace,* 182 Ark. 618, 32 S.W.2d 621 (1930); *see also Griffin v. Solomon,* 235 Ark. 909, 362 S.W.2d 707 (1962).

█ Here, it is clear that Ricky was not afforded due process before his interest in the property was ordered to be sold and that his absence at the hearing on the attorney's lien rendered the order void as to him.

█ Citing *Griffin v. Solomon,* 237 Ark. 653, 375 S.W.2d 232 (1964), appellees argue that, even if the decree under which the property was sold contained error, the sale to South Sheridan Water Association cannot be set aside because South Sheridan Water Association was not a party to the lawsuit when it purchased the property and there is no evidence that it did not pay valuable consideration for the property. In *Griffin v. Solomon,* the supreme court explained: "When property is sold under a decree that is erroneous but not void, the sale will be set aside upon a reversal of the decree if the purchaser was a party to the suit, and this is true even though the decree was not superseded." 237 Ark. at 654, 375 S.W.2d at 233.

In this case, however, the decree ordering the sale was not only erroneous, it was void as to Ricky. Because the sale was void

as to Ricky, it must be set aside; if a deed to South Sheridan Water Association has been issued, it must also be set aside.

Reversed and remanded.

HART and BIRD, JJ., agree.